[Civ. No. 2298. Second Appellate District, Division One.—September 8, 1919.]

## OLIVER V. BLACKBURN, Respondent; v. R. S. MARPLE, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—ACTION FOR DAMAGES—EVIDENCE — FINDINGS — APPEAL.—This action for damages alleged to have been suffered through the negligence of the defendant in the operations of his automobile whereby it was caused to collide with an automobile operated by the plaintiff, on the evidence, was peculiarly one which called for the judgment of the trial court upon the question as to the negligent act of the defendant, and the trial court having solved the question in favor of the plaintiff, the appellate court could not say from the transcript of the evidence, that the findings of the trial court were in any way unsupported by the evidence.

[2] ID.—APPROACH OF INTERSECTING WAY—OPERATION AND CONTROL OF MOTOR VEHICLE—CONSTRUCTION OF LAW.—The intent of the Motor Vehicle Law, in requiring that the operator of a motor vehicle, upon approaching an intersecting way where the view is obstructed, must not travel at a greater rate of speed than ten miles an hour, is that it shall be brought to the speed indicated by the time it shall reach the intersecting way in order that it may be fully under control of the operator; and in this action it cannot be said that plaintiff violated the provisions of such statute, he having been traveling at the rate of about twenty miles per hour, his machine being under control, but having slowed down to about eight miles per hour at the time his machine was struck by the defendant's machine, he not having yet entered upon the intersecting way.

---

2. Effect of speed and application of speed regulations on liability for collision between automobiles at or near corner of streets or highways, note, L. R. A. 1916A, 747.

[3] ID.—LAST CLEAR CHANCE.—Under the facts of this case there was nothing which would make the doctrine of the last clear chance applicable to either party.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tanner, Odell & Taft for Appellant.

Porter C. Blackburn for Respondent.

JAMES, J.—Plaintiff was awarded judgment for the sum of $350 against this appellant on account of damages alleged to have been suffered through the negligent acts of the defendant R. S. Marple. The particular act of negligence alleged was that said defendant so operated an automobile driven by him as to cause it to collide with an automobile which was then being operated by the plaintiff. The appeal is taken from the judgment.

The particular facts upon which the judgment was entered are quite fully embraced in the findings of the trial judge, the most material portions of which we quote: "That on the fourteenth day of July, 1915, at or about the hour of 6:30 P. M., while it was still light, the plaintiff was driving a Ford automobile along a public highway known as the state highway, leading from the town of Whittier to the town of Fullerton, in an easterly direction, about one mile east of the county line of Los Angeles and Orange Counties. That the plaintiff was driving his Ford car at a speed of twenty miles per hour. That the plaintiff was seated in the front seat of his car with a small child on his right side, and that his wife and two small children were seated in the rear seat. That the state highway runs in an easterly and westerly direction at the above-mentioned place, and that there is an intersecting highway that enters the said state highway from the south, known as the La Habra road, and that the said La Habra road intersects the said state highway by two long, sweeping curves, one curve turning into the said state high-

---

3. Origin, function, and mode of operation of the last clear chance, note, 55 L. R. A. 418.

way to the left and one curve turning into the said state highway to the right as the said La Habra road approaches the intersection with the said state highway. That the said La Habra road does not cross the said state highway. That in the center of the two sweeping curves and at the junction with said state highway there is a triangular piece of ground, which is not paved but subject to travel, being oiled and rolled. That the said state highway and the said La Habra road are about 60 feet wide, with a paved portion in the center of 18 feet, and that said highways are used by the public for travel. That there is a row of electric light poles on the south side of the said state highway near the property line, and a row of orange trees about four feet south of the south property line. That the plaintiff, who was driving his Ford car, on approaching the said intersection of the two highways, saw an Overland car, driven by the defendant, approaching the said state highway by the long sweeping curve that branches from the said La Habra to the left as the said state highway is approached from the south. That the plaintiff saw the approaching Overland touring car turning into the said state highway, and immediately turned to his right, and slowed his Ford car down to eight miles per hour. That the defendant also slowed his car down, but after he had arrived at about the center of the said state highway, and his car was approaching the north side of said state highway, he turned his car abruptly to his left, and continually turned the same to his left, with the same pointed in a southwesterly direction and toward the south side of the said state highway. That the defendant drove his car in such a negligent manner that the same was pointed and directed toward the side of the plaintiff's machine near its front. That the plaintiff kept turning his machine to his right and to the south of the said state highway, whereupon he was forced to turn off the said state highway into an orange orchard, within about two feet of an electric light pole, and under the branches of an orange tree, and the plaintiff's machine was struck by the front end of the defendant's machine on the left side and near its front.''

Appellant's contentions may be briefly stated under two heads: (1) That under the evidence the court was not justified in making findings against appellant; (2) that, conceding that the evidence showed negligence upon the part of appellant,

the evidence also showed contributory negligence upon the part of the plaintiff. There was a conflict in the evidence concerning the manner in which the accident occurred; hence as to findings made under such evidence the conclusions of the trial judge must be here treated as final. Appellant has argued that under all of the evidence it must be concluded that it was impossible that the accident could have happened in the manner described by the plaintiff. After carefully examining the printed transcript of the testimony heard, we cannot agree with this contention. Plaintiff testified that he was traveling easterly along a straight road and that two hundred feet away from where the intersecting road upon which the defendant was traveling emerged he observed the defendant and immediately slowed down his machine, he then being upon the extreme right of the highway, and that the defendant, instead of keeping to the right and making the turn along the curve of the intersecting road, turned toward the left; that the plaintiff guided his machine off from the highway into the soft dirt on the right-hand side thereof and that the defendant's car collided with him. The point of collision was not within any part of the intersecting highways, but was about opposite the most westerly point of the intersecting curve. A physician, who was traveling in an automobile immediately behind the plaintiff, testified that the plaintiff was on the right side of the road and that he (the witness) saw the automobile of the defendant emerge from the road intersecting at the right and that the defendant's vehicle passed across the front of the plaintiff's machine and appeared in view at the left thereof and that the collision occurred immediately thereafter. There was testimony of several witnesses that the appellant stated immediately after the accident that he had become confused, and had thought that the plaintiff intended to travel directly eastward, and that he (appellant) turned to the left to allow the machine of the plaintiff to go on at his right. [1] On the evidence the case was peculiarly one which called for the judgment of the trial court upon the question as to the negligent act of appellant, and we find nothing at all appearing in the transcript of the evidence which would justify us in the conclusion that the findings of the trial judge are in any way unsupported by the evidence.

The findings of the trial court further negative the claim of appellant that the plaintiff had been guilty of contributory negligence proximately causing or contributing to cause the accident. Appellant cites us to a provision of the motor vehicle law, found in the Statutes of 1913, at page 649, which requires that the operator of a motor vehicle, where the view is obstructed, upon approaching an intersecting way must not travel at a greater rate of speed than ten miles an hour. Just previous to the accident plaintiff had been traveling at the rate of about twenty miles per hour. The evidence showed that his machine was under control and he himself testified that upon observing the appellant two hundred feet away, emerging from the intersecting road, he slowed down his machine and kept to the right. When he was struck by appellant's automobile his machine was traveling about eight miles per hour. At that point, as we have before noted, he had not entered upon the intersecting way. **[2]** The intent of the law, as we view it, in restricting the speed at which a motor vehicle may travel at such a point, is that it shall be brought to the speed indicated by the time it shall reach the intersecting way in order that it may be fully under control of the operator. It cannot be said under the evidence that it was established that the plaintiff violated the provision of the statute cited. The case of *Cook* v. *Miller*, 175 Cal. 497, [166 Pac. 316], cited on behalf of appellant, was not the same in its facts as the case here presented. **[3]** Neither was there anything in the facts under the evidence which would make the doctrine of the last clear chance applicable to either party.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.