[L. A. No. 5167. In Bank.—June 25, 1920.]

## GEORGE McPHEE, Respondent, v. J. D. LAVIN, Appellant.

[1] Nᴇɢʟɪɢᴇɴᴄᴇ—Aᴠᴏɪᴅᴀɴᴄᴇ ᴏғ Sᴜᴅᴅᴇɴ Dᴀɴɢᴇʀ—Uɴᴊᴜᴅɪᴄɪᴏᴜs Cᴏᴜʀsᴇ. One suddenly confronted with an unexpected danger may use such means for avoiding the danger as would appeal to a person of ordinary prudence in a like situation without being held to strict accountability as to whether the course chosen is the most judicious or not.

[2] Iᴅ.—Aᴜᴛᴏᴍᴏʙɪʟᴇ ᴏɴ Wʀᴏɴɢ Sɪᴅᴇ ᴏғ Sᴛʀᴇᴇᴛ—Aᴛᴛᴇᴍᴘᴛ ᴛᴏ Aᴠᴏɪᴅ Cᴏʟʟɪsɪᴏɴ—Dᴇᴠɪᴀᴛɪᴏɴ ғʀᴏᴍ Rᴜʟᴇ ᴏғ Rᴏᴀᴅ—Lᴀᴄᴋ ᴏғ Nᴇɢʟɪɢᴇɴᴄᴇ. The driver of an automobile, who upon reaching the vicinity of a street intersection instead of keeping to the right until he had passed the center of the intersection as required by section 20 of the state Motor Vehicle Act, cut across the corner of the intersection and approached another automobile from the wrong side of the street, is not in a position to complain of the deviation by the driver of the latter machine from the rule of the road in an attempt to avoid a collision.

---

1. Emergency rule as applied to automobile drivers, note, 6 A. L. R. 680.

2. "Cutting corners" by driver of automobile as negligence, note, 6 A. L. R. 321.

[3] Id.—Failure to Reduce Speed—Lack of Negligence.—Where the driver of an automobile whose view of an intersecting street was obstructed by buildings was driving at a speed of fifteen miles an hour when at a distance of from twenty-five to thirty feet from the intersection, and was suddenly confronted by an automobile approaching from the wrong side of the street, he cannot be said to be guilty of negligence as a matter of law in failing to reduce his speed to ten miles an hour as required by the Motor Vehicle Act.

[4] Id.—Action for Personal Injuries—Automobile Collision—Responsibility for Accident—Evidence—Declaration of Defendant.—In an action for personal injuries caused by an automobile collision, defendant's declaration to plaintiff immediately after the accident that he carried accident insurance that would provide for plaintiff if he had suffered injury, was properly admitted as tending to show an acknowledgment of responsibility by defendant for the collision.

[5] Id. — Examination of Injuries by Physician — Instance of Casualty Company—Improper Question.—In such action, it was improper, but not prejudicial error, as the trial was before the court without a jury and the answer afterward stricken out, to ask a physician who made an examination of plaintiff's injuries, if he did so at the instance of a casualty company.

[6] Id.—Damages not Excessive.—Damages in the sum of one thousand dollars for personal injuries cannot be held excessive where the evidence disclosed that plaintiff was pinned beneath the overturned automobile, subjected to a severe nervous shock, and received numerous contusions and bruises, which, while they only confined him to his bed for nine days, were evidenced by soreness and swellings for months later, and it also appeared that he was suffering from soreness of kidneys attributed by the physician to the accident.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert P. Jennings and Frank B. Belcher for Appellant.

R. Y. Williams, A. W. Rutan and Williams & Rutan for Respondent.

6. Excessiveness of verdicts in actions for personal injuries other than death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; L. R. A. 1915F, 30.

SLOANE, J.—This appeal is from a judgment for plaintiff for injuries caused by an automobile collision. The principal point presented is on the contention of appellant that the record discloses contributory negligence on the part of plaintiff.

The parties, each driving an automobile, were approaching the crossing of. intersecting streets in the city of Anaheim, the plaintiff going west on the north side of Center Street and the defendant going south on the west side of Claudina Street. The main facts in the case as found by the trial court and supported by the undisputed weight of the evidence, show that the defendant upon reaching the vicinity of the street intersection, instead of keeping to the right until he had passed the center of the intersection as required by section 20 of the state Motor Vehicle Act, cut across the corner of the intersection to the east of the center of the street; that the plaintiff, who was approaching the intersection from the east, saw defendant's machine coming toward him on the wrong side of the street, and in an attempt to avoid a collision turned to the left and increased his speed. The defendant, also seeing the imminence of a collision, turned his car to the right, and the machines came together near the southern line of the intersection with resultant injuries to the plaintiff. Under this state of facts there can be no question but that the defendant by reason of his negligent and unlawful crossing on the wrong side of the street was responsible for the accident, unless the contention of contributory negligence on the part of plaintiff can be maintained.

Section 22 of the Motor Vehicle Act, then in force, already referred to, prohibits the driving of a motor or other vehicle on a public highway "at a greater rate of speed than ten miles an hour where the operator's or chauffeur's view of the road traffic is obstructed either upon approaching an intersecting way, or in traversing a crossing or intersection of ways, or in approaching or traversing a . . . bridge, . . . causeway or viaduct, or in going around corners or a curve in a street or highway." (Stats. 1915, p. 409.) Contributory negligence, was pleaded by an allegation of the answer averring that the plaintiff was driving at an excessive rate of speed in violation of the statute, and that contribu-

tory negligence is imputed as a matter of law. On the issue thus raised the trial court found as follows:

"The court finds that the defendant negligently, recklessly, carelessly and unlawfully caused his said automobile to be driven and propelled so that the same was unlawfully driven to the east side of the intersection of the prolongation of Claudina Street in and upon said Center Street, in the city of Anaheim. That, by the action of said defendant, a collision was imminent between the automobiles of plaintiff and defendant; that plaintiff saw that a collision was imminent between the said automobiles, and on account of the same caused his said automobile to veer in a southwesterly direction toward the left-hand side of Center Street. That, if defendant had kept upon the proper side of the street there would have been no accident. That the proximate cause of said accident was the failure of defendant to follow the law in keeping on the right-hand side of the street, and by his unlawfully driving his automobile to the east side of the intersection of the prolongation of Claudina Street in and upon said Center Street, and by causing his said automobile to be driven upon the northeastern portion of said intersection when he was going in a southeasterly direction. That the defendant did, when a collision was imminent, attempt to turn his automobile toward the right for the purpose of avoiding a collision with the plaintiff's automobile, but that plaintiff's automobile was not then and there being driven at a high or dangerous or unlawful rate of speed; that the plaintiff turned his automobile to the left without slackening the speed thereof, and that up to the time of so turning to the left plaintiff was at all times proceeding at a speed of fifteen miles an hour, and that upon so turning to the left he increased the speed of his automobile for the purpose of avoiding a collision.

"That the rate of speed that plaintiff was driving his automobile prior to and at the time of the accident did not contribute to or cause the said collision and accident, and that plaintiff was not guilty of contributory negligence in the speed, way, or manner in which he was driving his said automobile."

It is appellant's contention that the specific finding of fact that at all the times mentioned the plaintiff was driving at a speed of fifteen miles an hour negatives and supersedes the

conclusion of the court that plaintiff was not driving at a dangerous or excessive rate of speed, and that the rate at which he was driving did not contribute to the accident. If we may go behind the findings of the facts in this matter, it appears from the evidence that the plaintiff's view around the corner in the direction from which the other vehicle was coming was obstructed by buildings; that the plaintiff was driving in the direction of this intersection at a rate of fourteen or fifteen miles an hour, and was at a point twenty-five or thirty feet from the intersection when the defendant came into his line of vision crossing directly toward him on the wrong side of the street. The plaintiff in an effort to avoid the threatened collision speeded up his machine and turned at an angle to the left. **[1]** That he cannot be held as a matter of law guilty of negligence in doing this is clear from the well-established rule that one suddenly confronted with an unexpected danger may use such means for avoiding the danger as would appeal to a person of ordinary prudence in a like situation, without being held to strict accountability as to whether the course chosen is the most judicious or not. (*Schneider* v. *Market St. Ry.*, 134 Cal. 482, 490, [66 Pac. 734].) **[2]** The defendant by unlawfully cutting the corner and approaching the plaintiff from the wrong side of the street is not in a position to complain of the plaintiff's deviation from the rule of the road in an attempt to avoid a collision. If the plaintiff was guilty of negligence at all it was by virtue of the fact that he was driving at the rate of fifteen miles an hour at a point within twenty-five or thirty feet of an intersection where the view of the intersecting street was obstructed. This situation involves the construction of the law in question as to the precise point on approaching such an intersection at which the driver must have reduced his rate of speed to ten miles an hour.

The purpose of this limitation of speed at intersections is obviously to avoid danger from the traffic crossing on the transverse street. Under the rules regulating such traffic no danger arises until the passing vehicles reach the territory common to both streets at or within the lines of intersection. If then the speed has been reduced to ten miles an hour at the point of intersection the purpose of the limitation has been met. This is so held in *Blackburn* v. *Marple*, (Cal. App.), 184 Pac. 873, and we are in accord with the decision

on that point. In this case the plaintiff was driving at the rate of fifteen miles an hour as he came toward this intersection and was within the speed limit prescribed by law on that part of the street. He was still from twenty-five to thirty feet from the intersection when driven by the emergency that confronted him to change his course and accelerate his speed. Testimony was given in the case that his brakes were in good order, and that he could, while moving at fifteen miles an hour, bring his car to a complete stop within fifteen or thirty feet. Under these conditions he could without difficulty, had he been permitted to pursue a straight and uninterrupted course, have slowed down to ten miles an hour before reaching the intersection. [3] It cannot then be held as a matter of law that he was guilty of negligence because of driving at the rate of fifteen miles an hour at this point. If defendant had kept to the right side of the street until he had passed the center of the intersection there is no reason to assume that the plaintiff would not have slowed down to the prescribed speed at the intersection and allowed defendant the right of way to cross ahead of him.

We find no evidence of the presentation of any claim by plaintiff for compensation under the Workmen's Compensation Act, [Stats. 1917, p. 831], or any assignment or subrogation of right, to support appellant's contention that plaintiff could not maintain this action in his own name and right.

The errors of law assigned upon admission of testimony over defendant's objections and motions to strike so far as in any way suggestive of prejudice, arise upon the admission in evidence, as part of a conversation had with defendant, of defendant's declaration to plaintiff immediately after the collision that he carried accident insurance that would provide for plaintiff if he had suffered injury. [4] As this was admitted as tending to show an acknowledgment of responsibility by defendant for the accident, we think it was proper evidence. Later in the trial upon questioning on behalf of defendant of a physician who had made an examination of plaintiff to discover the extent of his injuries, plaintiff's counsel was permitted over defendant's objection to ask if he made the examination at the instance of the Fidelity & Casualty Company. [5] This line of examination was objectionable and improper, but as the trial was

before the court without a jury, and the affirmative answer of the witness was afterward struck out by the court as incompetent, irrelevant, and immaterial, it may be treated as error without prejudice.

Appellant complains of the judgment as excessive. It appears that one thousand dollars of the total amount of $1,241.50 included in the judgment was for personal injuries to the plaintiff. The evidence discloses that he was pinned beneath the overturned automobile, subjected to a severe nervous shock, and received numerous contusions and bruises which, while they only confined him to his bed nine days, were still evidenced by swellings and soreness four months later. It also appeared that he was suffering from soreness of the kidneys which the physician attributes to the accident, and expresses doubt as to whether or not it may be permanent. [6] Under these conditions we are not prepared to say that the damages allowed are so great as to justify disturbing the findings and judgment of the court.

The judgment is affirmed.

Wilbur, J., Olney, J., Shaw, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.