[Civ. No. 4420. Second Appellate District, Division One.—January 23, 1924.]

H. L. CARNAHAN, as Special Administrator, etc., Respondent, v. MOTOR TRANSIT COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — PLEADING — SUFFICIENCY OF COMPLAINT—APPEAL.— In an action for damages for personal injuries suffered as the result of an automobile accident, a complaint alleging that "the employee of defendant . . . negligently and carelessly caused" the stage of defendant "then and there to collide with, and vigor-

ously strike an automobile" is sufficient to sustain a judgment in favor of plaintiff, where no demurrer is interposed and the case is tried upon the assumption that the complaint is sufficient; and the sufficiency of such complaint may not be raised for the first time on appeal.

[2] ID.—INSUFFICIENT COMPLAINT—TIME TO OBJECT.—While the objection that the complaint does not state facts sufficient to constitute a cause of action may be made at any stage of the trial, and even after judgment, this rule only applies when there is a total want of facts stated in the complaint and not to an imperfect or defective statement of the necessary facts.

[3] ID.—PLEADING IN GENERAL TERMS—EVIDENCE ADMISSIBLE.—In an action for damages for personal injuries sustained by plaintiff when an automobile stage in which he was riding as a passenger collided with another machine, plaintiff may allege negligence in general terms, and under such allegation any and all testimony which would tend to prove this allegation of negligence is admissible in evidence.

[4] ID.—GENERAL CHARGE — DEFECTIVE LIGHTS — EVIDENCE— INSTRUCTIONS.—In such an action, under a general charge of negligence in driving the car so that it collided with an object upon the highway, evidence that the car was equipped with defective lights would be admissible and would tend to prove the charge of negligent driving; and it is the duty of the court to so charge the jury.

[5] ID.—INJURY TO STAGE PASSENGER—BURDEN OF PROOF—EVIDENCE. Defendant having been a common carrier, and plaintiff having been a passenger for hire in one of defendant's stages, all that plaintiff was required to prove was that he was such a passenger and that a collision happened in which he was injured, and the burden was then upon defendant to prove that it was free from negligence and to show, among other things, that the car was equipped with all necessary appliances, including proper lights, so that the same could be safely operated; and if defendant was not prepared with this evidence it was its misfortune, and not the fault of the pleadings, and it could not claim that it was taken by surprise and was not prepared to meet the issue of defective lights.

[6] ID.—SUDDEN DANGER—DEGREE OF CARE REQUIRED.—A person suddenly confronted with an unexpected danger, without any fault

---

4. Effect of failure to show lights on liability for collision between automobiles, or an automobile and other vehicle, at or near corner of street or highway, notes, Ann. Cas. 1914A, 128; Ann. Cas. 1918D, 852; L. R. A. 1916A, 749.

6. Care required of one in sudden emergency, notes, Ann. Cas. 1914D, 1217; 37 L. R. A. (N. S.) 43.

on his part, is only required to use such means for avoiding the danger as would be used by a person of ordinary prudence, and he is not held to that strict accountability which would require that the course chosen be the most judicious one.

[7] Id.—Avoidance of Sudden Danger—Insufficient Instruction.— In an action for damages for personal injuries suffered by plaintiff as the result of an automobile collision, a requested instruction which states in effect that a person suddenly confronted with unexpected danger without any fault on his part would only have to use that degree of care that would be required of a person "when under a stress of circumstances," but which fails to set forth just what degree of care a person under a stress of circumstances would be required to use, is properly refused.

[8] Id.—Prior Negligence—Sudden Danger—Instructions.—In such action, conceding that defendant's requested instruction relating to the degree of care required of a person suddenly confronted with an unexpected danger correctly stated the law, it was properly refused, where the acts constituting the negligence on the part of defendant, to wit, the failure to equip the car with proper lights, were all performed prior to the time the driver of defendant's automobile was confronted with the unexpected danger and, but for such prior acts of negligence, he would have discovered the other machines upon the highway in sufficient time to have brought his car under control and avoided the accident.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. P. Gibbs, E. B. Drake and H. W. Kidd for Appellant.

Carnahan & Clark for Respondent.

CURTIS, J.—Appellant was the owner of an auto-stage line operated between the city of Bakersfield and the city of Los Angeles. On September 17, 1920, respondent's intestate, George Schuster, was a passenger in one of appellant's stages and shortly after leaving San Fernando on its regular trip from Bakersfield to Los Angeles, and while passing along and upon San Fernando Boulevard said stage collided with another automobile standing upon said highway, and as a result of said collision the said George Schuster was seriously injured. This action was instituted by him to recover damages against appellant and the defendant,

the General Pipe Line Company, a corporation. The jury rendered a verdict in favor of Schuster in the sum of twelve thousand five hundred dollars against both of the defendants in said action. Upon a motion for a new trial the court granted the same as to the defendant, the General Pipe Line Company, but denied said motion as to appellant. After the perfecting of said appeal the said Schuster died and respondent was appointed special administrator of his estate, and as such is contesting said appeal.

The circumstances of said collision were as follows: San Fernando Boulevard is a paved highway, the paved portion thereof being about twenty feet in width. Near to said highway and parallel with it the defendant, the General Pipe Line Company, maintains a pipe-line for the purpose of conducting oil through the same. Shortly after dark on the day of the collision this pipe-line broke and the oil therein ran out upon said highway, and at the point in said highway where the collision occurred it extended across the entire width of the paved portion of said highway and was from one to five inches in depth. Just before the accident an Italian, with a truckload of watermelons, was traveling upon said highway going from a point near San Fernando to the city of Los Angeles. When his truck encountered the oil on the highway it began to slip and skid and finally came to a full stop, practically across the highway and on the northerly side thereof, its rear wheels resting near the northerly edge of the pavement and its front wheels standing at about the center of said pavement with its radiator pointing south. An auto-stage, belonging to the Original Stage Line, which left San Fernando a few minutes before the one in which Schuster was riding, was following the truck and was probably five hundred feet behind the truck. The driver thereof, observing lights in front of him, drove his stage slightly to the south side of the highway and stopped the same about opposite the truck standing across the highway, and about three feet therefrom. The stage of appellant, after leaving San Fernando for Los Angeles, proceeded down the highway and encountered the oil thereon about one hundred feet distant from the scene of the collision. The driver, however, failed to discover the presence of the oil until his car began to slip and skid on the highway as a result of oil being thereon. He testi-

fied that he then endeavored, by first applying his brakes and then by changing to second speed and shutting off the power, to control his car. These efforts on his part were ineffectual and his car crashed into the rear of the stage belonging to the Original Stage Line standing on the highway as above described. The grade of the highway from San Fernando to the point of collision was a slight downgrade of about two per cent. The car in which the deceased was riding was equipped with two headlights and a spot light, but these lights did not light up the highway in front of the car for a distance of over one hundred feet. The highway was of asphaltum and was similar in color to the black oil flowing thereon. The driver stated that he was traveling, at the time he encountered the oil, at a rate of speed not exceeding twenty-five miles per hour, while there was other testimony which placed the speed of his car at this time as high as forty miles per hour. There was nothing to obscure from his view the truck standing across the highway, nor the stage of the Original Stage Line standing opposite the truck, nor the tail light of the latter car, at least not until he ran into the oil, when, according to his testimony, the oil splashed against the windshield of his car and made it difficult to see objects ahead of him. The oil, however, was not encountered to any extent until he was within one hundred feet of the point of the collision.

[1] The first ground advanced by appellant for a reversal of the judgment is that the complaint does not state a cause of action against the appellant. It is alleged in the complaint that "The employee of defendant, Motor Transit Company . . . negligently and carelessly *caused* said stage then and there to collide with, and vigorously to strike, an automobile." Appellant contends that in the foregoing allegation there is no fact alleged at all, but the mere conclusion of the pleader is stated, that is, that the driver "negligently and carelessly *caused* said stage to collide with an automobile." Had the complaint alleged that the employee of appellant carelessly and negligently drove his stage against another automobile, appellant concedes that it would have stated a good cause of action, but that when it alleges that the employee carelessly and negligently *caused* his stage to collide with another automobile, it fails to state the necessary facts. No authority is cited

by appellant which supports its contention. The case of
*Smith* v. *Buttner,* 90 Cal. 95 [27 Pac. 29], comes as near
to being an authority in appellant's favor as any case cited
in its brief, but the facts in that case were so different
from those before us that it is of but little assistance in
the decision of the present action. There was no demurrer,
either general or special, filed to the complaint in this action.
Neither was there any objection to any testimony offered
in support thereof on the ground that the complaint did not
state facts sufficient to constitute a cause of action. The
case was tried upon the assumption that the complaint
was sufficient, and as the objection now made to it goes more
to the form than to the substance of its allegations, it is
too late to raise for the first time such an objection after
judgment. **[2]** It is true that the objection that the com-
plaint does not state facts sufficient to constitute a cause of
action may be made at any stage of the trial, and even after
judgment, but this rule only applies when there is a total
want of facts stated in the complaint and not to an imper-
fect or defective statement of the necessary facts. As was
said in the case of *Arnold* v. *American Ins. Co.,* 148 Cal.
660–663 [25 L. R. A. (N. S.) 6, 84 Pac. 182, 183] : "Facts
essential to a cause of action appearing by reasonable im-
plication only, and allegations made in the form of a legal
conclusion, which merely implied the necessary material
facts, have been held sufficient as against such an objection
(one made after judgment). An example of this is the
case of *Penrose* v. *Winter,* 135 Cal. 289 [67 Pac. 772], where
there was no other allegation of the essential fact of non-
payment except the allegation that 'there is now due and
owing,' etc. This was held sufficient after judgment, the
ground of the ruling being that the objection was rather
to the manner of pleading an essential fact than to the
total failure to allege such fact, and that such faults, in
the absence of demurrer, are cured by the judgment."

The complaint in this case is very similar, in its allega-
tion of the fact of negligence, to that in the case of *Renfro*
v. *Fresno City Ry. Co.,* 2 Cal. App. 317 [84 Pac. 357],
wherein it was charged that "the employees of said defendant
. . . negligently and carelessly caused said car to be sud-
denly and violently jerked and started and put in rapid
motion without allowing plaintiff sufficient time to alight

therefrom.'' A judgment in plaintiff's favor was sustained by the appellate court. Counsel for appellant in that case strenuously assailed the judgment and, after an adverse ruling in the district court of appeal, filed petitions for rehearing both in the district court of appeal and in the supreme court, each of which was denied. It is true that the particular objection made to the complaint in the present case was not urged in the Renfro case, but considering the strenuous efforts exerted by counsel in that case to secure a reversal of the judgment of the trial court, it is hardly to be conceived that they would have failed to have presented in the appellate courts the point now relied upon by appellant herein, had they considered that there was any merit in such a contention.

The complaint was, therefore, in our opinion, sufficient to sustain the judgment.

Appellant's next contention is that the court erred in instructing the jury that they might find for the plaintiff if the evidence showed that the auto-stage of appellant was equipped with defective lights, or lights failing to meet with the requirements of the Motor Vehicle Act, and that the absence of such lights upon the stage was the proximate cause of the injury sustained by plaintiff. Appellant insists that no such issue is presented by the pleadings. Its counsel contend that the complaint, if it states any cause of action at all, charges only that the driver of the stage negligently operated the same so that it collided with another car whereby plaintiff was injured, and that no mention whatever was made in the complaint of the defective lights upon the stage. We have already held that in our opinion the complaint states a cause of action. [3] It is well settled in this state that negligence may be pleaded in general terms. (*Smith* v. *Buttner*, 90 Cal. 95 [27 Pac. 29]; *Stephenson* v. *Southern Pac. Co.*, 102 Cal. 143 [34 Pac. 618, 36 Pac. 407]; *Opitz* v. *Schenck*, 178 Cal. 636–638 [174 Pac. 40].) The effect of this rule, permitting plaintiff to allege negligence in general terms, is to make admissible in evidence any and all testimony which would tend to prove this allegation of negligence. The negligence might consist in driving upon the wrong side of the highway, or at an excessive rate of speed, or driving a car with defective brakes, or with insufficient lights, or of any other act of the owner

or driver of the car which would amount to negligence
in its operation.  These specific acts need not be set forth
in the complaint, in view of the rule permitting negligence
to be pleaded in general terms, but when any of said acts are
sought to be proven, such evidence is to be received in
proof of the allegations of the complaint, and if it is suffi-
cient to support said allegation, and no contributory neg-
ligence is shown on the part of the plaintiff, entitles plaintiff
to a judgment in his favor.  With such evidence before the
court it becomes its duty to instruct the jury regarding
the law applicable to such evidence.  [4] To be more
specific, under the general charge of negligence in driving
a car so that it collided with an object upon the highway,
evidence that the car was equipped with defective lights
would be admissible and would tend to prove the charge
of negligent driving.  In such a case it would be the duty
of the court to charge the jury to that effect.  This the
court did in the present action, and in so doing it com-
mitted no error.

In *Stephenson* v. *Southern Pac. Co.*, 102 Cal., at page 147
[34 Pac. 620], a reference is made to the following illustra-
tion taken from Bliss on Code Pleading: ''The driver up-
sets a stage-coach and breaks a passenger's arm; careful
driving will hardly have such a result; the passenger knows
that there has been negligence, but he may not know in
what it consisted.  The driver may have been drunk and
asleep; he may have so harnessed the horses that they would
not obey the rein, or may have made them unmanageable
by improper treatment.  The plaintiff can only prove that
the coach was turned over; the presumption is that it was
the result of negligence; if not, the defendant can show it.''
The court used this illustration in explanation of the reason
for the rule permitting negligence to be pleaded in general
terms.  In the supposed case mentioned therein all that the
plaintiff need allege, to make out a case of negligence
against the owner of the coach, was that the stage-coach
was negligently overturned.  All that he need prove under
such an allegation would be that the coach was overturned.
If the evidence of the plaintiff should go further and show,
or if the evidence of the defendant should show, that the
cause of the overturning of the coach was the improper
harnessing of the horses, then we apprehend that it would

be within the province of the court to instruct the jury that if they believed that the horses were improperly harnessed, and that the failure to properly harness them was the proximate cause of the overturning of the coach, then they should find for the plaintiff, notwithstanding the fact that the complaint merely alleged that the driver negligently drove the coach so that it was overturned.

[5] Appellant claims that it was taken by surprise and was not prepared to meet the issue of defective lights. This claim is untenable. Appellant is a common carrier, and the deceased, Schuster, was a passenger for hire in one of its stages. All the plaintiff was required to prove was that he was such a passenger and that a collision happened in which he was injured. The burden was then upon appellant to prove that it was free from negligence. To do so it must show, among other things, that the car was properly equipped with all necessary appliances, including proper lights, so that the same could be safely operated. If it was not prepared with this evidence it was its misfortune and not the fault of the pleadings.

Nor did this instruction conflict with other instructions given by the court at the instance of appellant, wherein the court instructed the jury that they could not find the defendant, the Motor Transit Company, guilty of any other negligence than that charged in the complaint. The general allegation of negligence in the complaint embraced every specific act of negligence that might be proven thereunder. Therefore, if under the allegations of negligence contained in the complaint evidence of improper lights with which appellant's stage was equipped was admissible, and we have held that it was, then, legally speaking, the complaint charges such negligence the same as if the condition of the lights had been specifically set out in the complaint.

What we have said regarding the objections made by appellant to the instructions given by the court answers the further point made by appellant that "this lawsuit was based solely upon one allegation of negligence (the negligent operation of the stage) and recovery was permitted upon another, to wit: A failure to have statutory headlights on the stage." The general allegation of negligent operation of the stage included the operation thereof with defective

headlights, or lights not complying with the statutory requirements, and under such a general allegation a recovery could be had by showing any act of the driver which directly contributed to the negligent operation of the stage, whether that act be driving without proper brakes, or with defective headlights, or at an excessive speed, or any, or all of such acts.

It is finally contended by appellant that the court erred in refusing to give the following instruction: "If you find that the driver of the auto-stage of the defendant Motor Transit Company was suddenly confronted with danger through the negligence, if any, of the General Pipe Line Company, by reason of oil being upon the highway, or if he was confronted with danger without fault on his part and got into same, then, even in the exercise of the highest degree of care he would only have to use that degree of care that would be required of a person when under a stress of circumstances and not that degree of care that would be required of a person when not under a stress of circumstances, and you are not to decide whether the driver was guilty of negligence by what the after-developed facts may have shown would have been best for him to have done, or what you think he should have done. . . . "

[6] A person suddenly confronted with an unexpected danger, without any fault on his part, is only required to use such means for avoiding the danger as would be used by a person of ordinary prudence, and he is not held to that strict accountability which would require that the course chosen be the most judicious one. (*McPhee* v. *Lavin*, 183 Cal. 268 [191 Pac. 23].) [7] It was evidently the intention to state the above principle of law in the proposed instruction refused by the court. It is apparent, however, that there was a failure to carry out this intention. It is stated in effect in said proposed instruction that a person suddenly confronted with unexpected danger without any fault on his part would only have to use that degree of care that would be required of a person when under a stress of circumstances, but just what degree of care a person under a stress of circumstances would be required to use, the instruction fails to set forth. There is absolutely nothing in the instruction that would tend to inform the jury that a person so confronted would only be required to use such

means for avoiding the danger as would be used by a person of ordinary prudence in a like situation. The proposed instruction, therefore, failed to correctly state the law applicable to the degree of care required of a person suddenly confronted with danger and was, therefore, properly refused.

[8] Furthermore, the refusal to give the proposed instruction, even if it correctly stated the law, would not, under the facts proven in this case, have constituted error on the part of the trial court. The negligence which the evidence shows the appellant to be guilty of was not his failure to control his car after he encountered the oil on the highway, but was the driving of his car into the oil under such circumstances that he lost control thereof to such an extent that he was unable to prevent the collision. It may be conceded that it was beyond his power to control his car after he had driven on the highway where the oil covered the same the entire width of the paved portion thereof. There is evidence in the record that this condition only prevailed for a distance of twenty-five feet to the rear of the car with which the collision was had, but admitting that the oil covered the paved portion of the highway to its full width, one hundred feet to the rear of said car, the negligence of the driver consisted in driving his car with lights so defective that he was unable to distinguish the oil on the highway in front of him, even though it was similar in color to the paved portion of the highway, and, furthermore, that on account of his defective lights he failed to see the truck and the stage of the Original Stage Line as they stood on the highway in plain view of him. A cautious driver would have discovered objects upon the highway practically as soon as they came within the range of his lights, and if the car of appellant had been equipped with proper lights, that is, lights throwing their rays at least two hundred feet in front of the car, the driver thereof, in the exercise of that care and diligence enjoined upon one in charge of a vehicle of a common carrier, would have discovered the objects upon the highway in sufficient time to have brought his car under control before he reached the point in the highway where the oil completely covered the entire paved portion thereof. The proposed instruction only referred to the condition produced after the appellant's car encountered the oil on the highway, and as the acts of the

driver of the car, which constituted the negligence in the case, were all performed prior thereto, the proposed instruction was not applicable to the facts in the case and was therefore properly refused.

Judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 20, 1924.

All the Justices concurred.