[L. A. No. 14697. In Bank.—September 14, 1934.]

LAVAUGHN L. MORTENSEN, Respondent, v. F. C. FAIR-BANKS et al., Appellants.

Paul Nourse and Forrest A. Betts for Appellants.

Wheeler & Wackerbarth, Henry O. Wackerbarth and Henry E. Carter for Respondent.

WASTE, C. J.—Judgment went for the plaintiff in this action to recover damages for personal injuries incurred as the result of a collision of automobiles at a five-point intersection of thoroughfares in the city of Los Angeles. The defendants have appealed.

There is evidence from which the jury might have reasonably concluded that plaintiff first entered the intersec-

tion at a proper rate of speed and that the defendant, Cornelia Fairbanks, a minor, had entered the intersection at an excessive rate of speed and without otherwise exercising that degree of care essential to the proper operation of an automobile. However, there is also evidence tending to show that plaintiff while aware of defendant's alleged careless and negligent approach to the intersection had continued in his endeavor to traverse the same and, in an attempt to avoid a collision, accelerated his automobile in the hope of passing beyond the path of defendant's car. The effort was futile. Throughout the trial of the cause and upon appeal the defendants have urged that plaintiff was guilty of contributory negligence in the operation of his automobile and they point specifically to the asserted impropriety of plaintiff's conduct in speeding up his car in an attempt to get beyond the path of defendant's car. This, they contend, was not the course that a reasonable and prudent person would have pursued finding himself in a like position of imminent peril. On the contrary, they urge that a reasonable and prudent person under like circumstances would have undertaken to stop his car in the manner and within the distance which plaintiff testified he could have stopped, had he been so inclined, immediately prior to the collision.

Defendants insist that the issue as to the reasonableness and prudence of plaintiff's conduct in the face of imminent peril should have been submitted to the jury under proper instructions. They then refer to an instruction, given at the request of plaintiff, which, in effect, directed that if the jury should find from the evidence that the plaintiff had entered the intersection in a lawful manner and at a lawful speed, and after so entering had observed for the first time that he was placed in a position of apparent danger as a result of the defendant's car being operated in a negligent manner and at an unlawful rate of speed, and if they should find that in an effort to extricate himself from such danger the plaintiff "failed to act in such manner as a careful and prudent person would have done under the circumstances, then it was not negligence or contributory negligence on his part in driving ahead in an effort to get out of the path of the car driven by the defendant, Cornelia Fairbanks".

Defendants contend that this instruction is prejudicially erroneous in that it informed the jury that one facing an imminent peril need not exercise reasonable care under the prevailing circumstances and also took from the jury the issue as to the propriety and reasonableness of plaintiff's conduct under such circumstances.

We are of the opinion that the instruction is objectionable on both grounds. ■ The rule is now well settled that a person suddenly confronted with an unexpected danger, without any fault on his part, is only required to use such means for avoiding the danger as would be used by a person of ordinary prudence under similar circumstances, and he is not held to that strict accountability which would require that the course chosen be the most judicious one. (*McPhee* v. *Lavin*, 183 Cal. 264, 268 [191 Pac. 23]; *McLaughlin* v. *Los Angeles Ry. Corp.*, 180 Cal. 527, 532 [182 Pac. 44]; *Tousley* v. *Pacific Electric Ry. Co.*, 166 Cal. 457, 463, 464 [137 Pac. 31]; *Carnahan* v. *Motor Transit Co.*, 65 Cal. App. 402, 411 [224 Pac. 143].) The reasonableness of his effort to avoid the injury after discovery of the danger is a question of fact for the jury, to be determined by them in view of all the circumstances. (*Hoff* v. *Los Angeles Pac. Co.*, 158 Cal. 596, 601 [112 Pac. 53]; *Kearney* v. *Castellotti*, 55 Cal. App. 541, 544 [203 Pac. 1029].)

The quoted portion of the instruction complained of informed the jury, in effect, that plaintiff could not be found guilty of contributory negligence even though in his effort to extricate himself from an apparent danger by driving ahead he had failed to act in such manner as a careful and prudent person would have acted under similar circumstances. This is obviously a misstatement of the law as to the care required of one confronted with a situation of imminent peril and, in addition, withdrew from the jury the issue as to the propriety and reasonableness of plaintiff's conduct under the circumstances.

■ Having in mind section 4½ of article VI of the Constitution, we are still unable to say that the error and prejudice created by this instruction was cured by certain general and correct statements of law appearing at the beginning thereof or by other instructions having to do with negligence generally. This was the only instruction given by the court below having to do with the degree of care required

of *plaintiff* in his effort to extricate himself from a position of imminent peril. But two other instructions on the doctrine were given and each had to do with the care required of *defendant,* when in imminent danger. These latter instructions contained correct statements of the law, but served only to emphasize the error and prejudice of the former by creating in the minds of the jurors the impression that a different degree of care was required of the plaintiff and defendant, respectively, when seeking to avoid an imminent peril. It is inconceivable that the jury was uninfluenced in an action in which contributory negligence was an issue by an instruction which erroneously and definitely indicated that plaintiff's conduct was not negligent in character even though it failed to measure up to the degree of care required by the exigencies of the occasion.

For this reason, and without considering the propriety of another instruction objected to, the judgment must be, and it is hereby, reversed.

Curtis, J., Preston, J., Langdon, J., Seawell, J., Shenk, J., and Spence, J., *pro tem.,* concurred.