[Civ. No. 3217.   Fourth Dist.   Apr. 20, 1943.]

CLIFF F. REUMAN et al., Respondents, v. JOHN La MONICA et al., Appellants.

Spray, Davis & Gould for Appellants.

Jennings & Belcher and Stevens Fargo for Respondents.

MARKS, J.—This is an appeal from an order granting a motion for a new trial because of prejudicial error in instructions to the jury.

The case grew out of a motor vehicle collision which occurred on Grand Avenue, near its intersection with Washington Avenue, in the city of Santa Ana, California, at about two o'clock on the afternoon of December 7, 1941. The day was clear and the pavement was dry.

Grand Avenue runs north and south. It has an eighteen foot asphalt pavement in its center with a macadam shoulder eight feet wide on the east side, and another six feet on the west side of the pavement. There is also a dirt shoulder on the east side of the macadam strip.

Washington Avenue runs east and west and dead-ends in Grand Avenue. It is paved to a width of about thirty-three feet. There is a boulevard stop sign on Washington Avenue near the intersection.

Just before the collision Cliff F. Reuman was driving his automobile north on his right hand side of Grand Avenue at a speed of about twenty-five miles an hour. The other plaintiffs were riding with him. He saw two automobiles approaching the intersection from the north. The car nearest him was being driven by Perry Cook and the other by defendant John La Monica. A third car described as a Ford with red wheels, entered the intersection from Washington Avenue without making a stop and made a turn into Grand Avenue. Reuman reduced the speed of his car and swerved to his right. At the time of the collision it was still south of the intersection traveling at a speed of not more than ten miles an hour if it had not stopped, and it is probable that its right wheels were on the dirt shoulder. The La Monica car swerved around the left side of the Cook car, skidded eighty-four feet and crashed into the left front of the Reuman automobile, injuring plaintiffs.

Cook testified that he was driving south on Grand Avenue at a speed of not more than forty miles an hour with the La Monica car following him; that when he was about sixty feet north of the intersection he saw the red-wheeled Ford enter it; that he immediately applied the brakes of his car and stopped it a little less than forty feet south of the intersection with the red-wheeled Ford immediately in front of it.

Cook further testified that there was some loose gravel on the pavement and shoulders near the intersection; that when

he applied his brakes the La Monica car went down Grand Avenue to his left and skidded across the street into the Reuman car.

La Monica testified that he was following the Cook car south on Grand Avenue at a distance of about seventy-five feet to its rear at a speed of from 35 to 40 miles an hour; that when he saw the Cook car slow down suddenly he applied the brakes on his automobile; that it skidded down and across the street into the Reuman car.

There is also evidence to the effect that there was a mechanical defect in the construction of the braking system of the model car La Monica was driving which would cause the brakes on the front wheels to lock when they were fully and suddenly applied; and when the brakes on the front wheels were locked the driver could not control the course of the car.

The jury returned a verdict for defendants and the trial judge granted a new trial because of two instructions given at the request of defendants.

The first of these instructions dealt with sudden emergency and concluded as follows:

". . . and you further believe that the defendant John La Monica, while exercising ordinary care himself, was suddenly confronted with a situation of imminent peril and that he did the best he could under the circumstances to avoid the accident, then I instruct you he was not guilty of negligence, and if you so find, your verdict in this case must be in favor of the defendants."

The second instruction dealt with sudden peril and concluded as follows:

"You must consider only whether or not, after he found himself suddenly in a position of peril, he did the best he could, or exercised that degree of care in meeting the emergency which an ordinarily prudent person would have exercised. I therefore instruct you that if the defendant John La Monica while exercising ordinary care was suddenly confronted with a situation of danger and did the best he could under the circumstances to avoid the accident, then he was not guilty of negligence."

Both of these instructions contain the same vice in defining the standard of care required of La Monica under the conditions. They required him to do "*the best he could under the circumstances to avoid the accident.*"

The true rule to be applied in both instances is set forth in 38 American Jurisprudence, at page 686, as follows:

"Acts in Emergency or Sudden Peril.—

The prudence and propriety of an action are not to be judged by the event but by the circumstances under which it was done. The rule, as stated generally, is that one who, in a sudden emergency, acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence, provided he exercised in the emergency the care of a reasonably prudent individual under like circumstances."

An instruction quite similar in legal effect was held erroneous in *Van Fleet* v. *Heyler*, 51 Cal.App.2d 719 [125 P.2d 586], where it was said:

"As a statement of the sudden peril rule this instruction is erroneous. It excuses the defendant if he used *his* best judgment and followed the course of action which *seemed to him* best suited to prevent a collision. One who is subject to this rule is required to act as a reasonably prudent person would act under similar circumstances. (19 Cal.Jur. 598; *Mortensen* v. *Fairbanks,* (1934) 1 Cal.2d 489, 492 [35 P.2d 1030].) The instruction sets up quite a different standard."

*Carnahan* v. *Motor Transit Co.,* 65 Cal.App. 402 [224 P. 143]; *Allwein* v. *Asbury Truck Co.,* 116 Cal.App. 736 [3 P.2d 320]; and *Mortensen* v. *Fairbanks,* 1 Cal.2d 489 [35 P.2d 1030], are to the same effect.

The trial court is vested with a discretion in passing on a motion for new trial and the exercise of this discretion will not be disturbed on appeal without a showing of a manifest abuse of such discretion. This is especially true where the motion has been granted so that the issues of fact may again be tried. (*Prescott* v. *City of Orange,* 56 Cal.App.2d 144 [132 P.2d 523]; *Lasch* v. *Edgar,* 46 Cal.App.2d 726 [116 P.2d 949]; *Nance* v. *Fresno City Lines, Inc.,* 44 Cal.App.2d 868 [113 P.2d 244]; *Olinger* v. *Pacific Greyhound Lines,* 7 Cal. App.2d 484 [46 P.2d 774].)

We have studied the entire record and can find no abuse of discretion on the part of the trial judge in granting the motion for new trial.

The order appealed from is affirmed.

Barnard, P. J., and Griffin, J., concurred.