284 P.2d 226

Clyde BURKHART, Plaintiff-Appellee,

v.

Curtis CORN, Roscoe Wood and Mamie Corn Wood, Defendants-Appellants.

No. 5865.

Supreme Court of New Mexico.

April 21, 1955.

Rehearing Denied June 16, 1955.

John P. Cusack, Roswell, H. E. Blattman, Las Vegas, G. T. Watts, Roswell, for appellants.

Noble, Spiess & Noble, Las Vegas, for appellee.

COMPTON, Chief Justice.

This is an action by appellee against appellants for damages resulting from the negligent operation of a motor vehicle by appellant, Curtis Corn. The principal question is whether the "family purpose doctrine" is applicable. The complaint charges that Curtis Corn is the son of appellant Mamie Corn Wood and the stepson of appellant, Roscoe Wood, and that at the time of the accident he was using a pickup truck owned by appellants, Mamie Corn Wood and Roscoe Wood, in the furtherance of a family purpose. Appellants entered a general denial, also a plea of contributory negligence. As a defense to the plea of contributory negligence, appellee pleaded that he was subjected to a sudden emergency by Corn's negligence. Appellant Corn also

filed a cross-complaint for damages alleging that appellee's negligence in the operation of his automobile was the proximate cause of the accident. Issue was joined and the cause was tried to the court without a jury. At the conclusion of the hearing, the court found the issues in favor of appellee, and this appeal followed.

■ We have repeatedly held that the "family purpose doctrine" is followed in this jurisdiction. Boes v. Howell, 24 N.M. 142, 173 P. 966, L.R.A.1918F, 288; Pouliot v. Box, 56 N.M. 566, 246 P.2d 1050; Stevens v. Van Deusen, 56 N.M. 128, 241 P.2d 331.

■ It is first asserted that the evidence fails to establish a prima facie case under the doctrine. Admittedly, Roscoe Wood and Mamie Corn Wood are husband and wife, and Mamie Corn Wood is the mother of Curtis Corn; that the Woods are ranchers in the vicinity of Corona and reside upon the ranch part of the time; that Curtis Corn was employed by them, lived on the ranch, and performed the usual ranch work, such as feeding cattle, etc.; that he used the pickup truck in connection with his employment; that he had Saturdays off and on such days was permitted to use the truck for his own pleasure; that the accident occurred on a Saturday, and it was while he was using the truck for his own pleasure, the accident occurred. Assuming the presence of negligence and damages resulting

from such use, issues to be discussed later, we think this evidence alone establishes a prima facie case of liability under the family purpose doctrine. The burden was then upon the parents to overcome the presumption of agency arising from such ownership and use. We said in the first case before us, Boes v. Howell, supra [24 N.M. 142, 173 P. 967], as follows:

> " 'It seems too plain for cavil that a father, who furnishes a vehicle for the customary conveyance of the members of his family makes their conveyance by that vehicle his affair—that is, his business—and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another is his agent.' "

Also see Birch v. Abercrombie, 74 Wash. 486, 133 P. 1020, 50 L.R.A.,N.S., 59; Carlson v. Wolski, 20 Wash.2d 323, 147 P.2d 291; Davis v. Browne, 20 Wash.2d 219, 147 P.2d 263.

■ Curtis Corn was an adult at the time of the accident, and it is claimed that by reason of his majority, family relationship as contemplated by the family purpose doctrine has not been sustained. This argument is untenable, the age of the driver is wholly immaterial. In Marshall v. Taylor, 168 Mo.App. 240, 153 S.W. 527, 529, an adult son was the driver of the vehicle

and the Missouri Court, in disposing of this question, said:

"Aside from what we have just said, we may add that in proving the car was the property of defendant in charge of his chauffeur the evidence of plaintiff tends to show that the chauffeur was acting in the line of his employment. As is well said by the St. Louis Court of Appeals in Shamp v. Lambert, 142 Mo.App. [567,] loc. cit. 575, 121 S.W. [770], 773; 'The admission of the defendant to the effect that it was his automobile, and that his chauffeur was in charge of the same at the time of the injury, of course, tends to prove that the chauffeur was acting in the line of his employment, for, if he was defendant's chauffeur, then his duties were to operate defendant's automobile. We believe this testimony is sufficient for the prima facie purposes of the case; for how would plaintiff prove the particular trip to the station by the chauffeur and automobile was authorized by defendant? If, as a matter of fact the chauffeur was not acting for the defendant at the time, the burden rested with him to show to the contrary, after plaintiff had shown so much.' "

See Steele v. Hemmers, 149 Or. 381, 40 P.2d 1022; King v. Smythe, 140 Tenn. 217, 204 S.W. 296, L.R.A.1918F, 293; Edwards v. Rubin, 221 Mo.App. 246, 2 S.W.2d 205; Hubert v. Harpe, 181 Ga. 168, 182 S.E. 167; Smart v. Bissonette, 106 Conn. 447, 138 A. 365. Also see Huddy Encylopedia of Automobile Law, Vol. 7–8, p. 325; Watson v. Burley, 105 W.Va. 416, 143 S.E. 95, 64 A.L.R. 839. True, appellants testified that Curtis Corn was on his way to Carrizozo to purchase an automobile for himself at the time of the accident. Nevertheless, this evidence does not rebut the inference of agency created by proof of ownership and use. In any event the truth of any rebutting evidence purporting to disprove the inference of agency thus created was for the trier of the facts.

▪▪▪ The accident occurred just south of Corona. Appellee was driving an automobile in a northerly direction and appellant Corn was driving the pickup truck in a southerly direction. The court found that appellant Corn was driving on the wrong side of the highway, the east side, thereby causing appellee suddenly to swerve his automobile from the east to the west side of the highway in an effort to avoid the collision. The sufficiency of the evidence to sustain this finding is challenged. We have reviewed the evidence and concluded there is substantial evidence to support the finding. Appellee observed Corn approaching from the north when the vehicles were from 100 to 125 yards apart. He applied his brakes and slowed down, thinking Corn

would turn to his side of the highway, but he failed to do so until just before the impact. Faced with this emergency, appellee turned his automobile to the left, the west, to let Corn pass to his right. Skid marks left by the pickup and automobile verify the fact that the vehicles met at a 45 degree angle near the center of the highway. The finding that appellee was placed in imminent peril by Corn's negligence is sustained by substantial evidence and will not be disturbed. To escape, he was compelled to make a choice instantly. While appellee may not have made the wisest choice, the law makes allowances for the circumstances which surrounded him, and if the choice made by him was such as would be made by a person of ordinary prudence, under like circumstances, he was in law not responsible for any injury resulting to appellants. The alertness required of appellee in keeping a lookout for road hazards was a question left to the trier of the facts. Restatement of the Law of Torts, § 296, p. 796; Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585; Mortensen v. Fairbanks, 1 Cal.2d 489, 35 P.2d 1030; Babendure v. Baker, 218 Iowa 31, 253 N.W. 834; Curtis v. Hubbel, 42 Ohio App. 520, 182 N.E. 589; Jones v. Hanbury, 158 Va. 842, 164 S.E. 545. We think the trial court properly concluded that Corn's negligence, which created the emergency in which appellee found himself, was the sole proximate cause of his injuries.

The plea of contributory negligence cannot be sustained.

In Mortensen v. Fairbanks, supra [1 Cal. 2d 489, 35 P.2d 1031], the court said:

" * * * The rule is now well settled that a person suddenly confronted with an unexpected danger, without any fault on his part, is only required to use such means for avoiding the danger as would be used by a person of ordinary prudence under similar circumstances, and he is not held to that strict accountability which would require that the course chosen be the most judicious one. * * * The reasonableness of his effort to avoid the injury after discovery of the danger is a question of fact for the jury, to be determined by them in view of all the circumstances. * * *"

It is contended that the findings as to Corn's negligence, and damages resulting therefrom, are not supported by substantial evidence. What we have said is sufficient to dispose of the question of negligence. As to the proof of damages, the record discloses the following: Appellee was a plumber, drawing $1.87 per hour at the time, and had a life expectancy of 21.63 years. The accident occurred January 3, 1953, and appellee did not regain complete consciousness for some months thereafter. He had an injured knee cap and a broken hip; his chest

was crushed; his face was lacerated; his left lung was injured and most of his ribs were broken; his right arm and collar bone were broken; he had a serious head injury; his leg was broken and placed in a cast for several months, and finally in June following, it was amputated; his right arm, fingers, and shoulders are stiff. He suffered pain and continues to do so. He was hospitalized for several months. Medical experts testified that his injuries are permanent and that he never again will be able to perform manual labor. There were hospital, ambulance, surgical, medical, and nurse expenses; and his 1952 automobile was a total loss. We deem this evidence substantial.

It is claimed there was error in the refusal of the court to adopt certain findings of fact and conclusions of law requested by appellants. We have considered the findings and conclusions requested and find them in conflict with those made by the court. The findings made are supported by substantial evidence, and the findings support the conclusions; there was no error.

The judgment will be affirmed, and It Is So Ordered.

We concur: LUJAN, SADLER, Mc-GHEE and KIKER, JJ.