374 P.2d 117

Gustavo MARTINEZ, Administrator of the Estate of Gilbert D. Martinez, also known as Gilberto D. Martinez, deceased, Plaintiff-Appellee,

v.

Windford O. SCOTT and Floyd Ison Lumber, Inc., a New Mexico Corporation, Defendants-Appellants.

No. 6910.

Supreme Court of New Mexico.

June 27, 1962.

Rehearing Denied Sept. 6, 1962.

. Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellants.

Chacon & Melendez, Espanola, for appellee.

MOISE, Justice.

This is an appeal from a judgment in favor of plaintiff-appellee against defendants-appellants growing out of the death of Gilbert D. Martinez, plaintiff's decedent in a collision between a car being driven by Gilbert D. Martinez and a truck being driven by defendant Windford O. Scott and belonging to defendant, Floyd Ison Lumber, Inc.

It was agreed that the accident occurred on March 18, 1960, at about 9:30 p. m. on U. S. Highway 84 in the community of Hernandez, Rio Arriba County, New Mexico. At the time, Gilbert D. Martinez was driving toward the south and defendant, Scott, in the course of his employment with defendant, Floyd Ison Lumber, Inc., was driving a tractor and trailer toward the north.

In addition, it is clear from the evidence that the accident happened some 50 feet north of a bridge, and that some 221 feet of skidmarks made by a truck started south of the bridge and continued to a point some 30 to 40 feet south of the point of impact and were clearly visible on the pavement after the accident. These skidmarks deviated from the northbound lane on to the southbound lane as much as 3 feet at a point on the bridge, but returned to the northbound lane at least 30 to 40 feet south of the point of impact. There is some dispute as to whether these skidmarks were laid down by the truck being driven by defendant, Scott, or by a second truck of defendant, Floyd Ison Lumber, Inc., driven by one Chester Hegwer, which before the accident was travelling north close behind the truck being driven by defendant, Scott. Appellant argues that the skidmarks were shown to have been made by Hegwer's truck, whereas appellee asserts they were made by Scott's truck. In the view we take of the case we need not resolve this question, as indeed we would not have a right to do; the evidence being in conflict, it would be for the jury. Jensen v. Allen, 63 N.M. 407, 320 P.2d 1016.

Aside from any question as to which truck laid down the visible skidmarks, the parties disagree as to where the impact took place. It would appear that this is the crucial issue. We have examined the testimony and find not one word which supports any conclusion except that it occurred in the northbound lane, being travelled by Scott and his truck. True, one witness refused to say where the point of impact was, claiming that he could not fix it, but fixing an "area of impact" some 8 feet

in diameter which straddled the center line. Considering the testimony in the aspect most favorable to plaintiff, Apodaca v. Allison & Haney, 57 N.M. 315, 258 P.2d 711, it in no way contradicts the evidence in the record that the point of impact was in the northbound lane, nor is it substantial evidence upon which a finding could be based that the point of impact was not in the northbound lane.

The accident must have occurred when the left side of decedent's car came over the center line and was struck by the left front fender and bumper of the truck being driven by Scott. There is absolutely no competent evidence which would explain the collision on any other basis. Appellee argues that his position and judgment can be supported on a theory that the truck came into the southbound lane. This would be contrary to all the direct evidence in the case, and would be the wildest type of speculation. It would not be justified by the fact that one witness described an area of impact that included space in the southbound lane. We have not overlooked the fact that the court in overruling defendant's motion to dismiss at the close of all the evidence, stated that he did not feel he could rule as a matter of law that decedent was contributorily negligent "because of the conflict in the testimony as to which side of the road the vehicle was travelling" and, further, that "it is up to the jury to determine the point of impact which has not

been clearly defined as occurring either on the southbound lane of travel or the northbound lane of travel."

Likewise, we are mindful that on appeal we must view the facts in their most favorable light to support the verdict. Griego v. Conwell, 54 N.M. 287, 222 P.2d 606.

Concerning the question of which lane decedent was travelling in, the best that could be said would be that if he was in the southbound lane there is no evidence to explain the collision as there is no proof that at the point of impact the truck was in the southbound lane. Under the doctrine announced by this court in Ferguson v. Hale, 66 N.M. 190, 344 P.2d 703, it would follow that defendants should prevail.

As a second theory upon which to support the judgment plaintiff argues that even if it is determined that the accident occurred in the northbound lane of travel, the judgment can be supported under the rule announced in Burkhart v. Corn, 59 N.M. 343, 284 P.2d 226. In that case it is stated that if a driver of a car is confronted by a sudden emergency resulting from the negligence of the driver of an approaching car and turns to the left into the wrong lane of travel he is not guilty of contributory negligence if he acted as an ordinarily prudent person in the circumstances, and this is true even if the choice which he made may not have been the wisest under

the circumstances. The difficulty with plaintiff's position in this regard is no different than that with which he is confronted in connection with the proof as to point of impact. The record is totally devoid of proof and there is no support for the conclusion for which he argues. It is based on nothing more substantial than speculation and conjecture. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640; Campbell v. Schwers-Campbell, Inc., 59 N.M. 385, 285 P.2d 497.

■ This leaves entirely out of account the testimony as to how the accident happened as explained by defendant, Scott, and witness, Hegwer, as under the rules we are required to view the evidence in the most favorable light to support the verdict, and before reversing must be convinced that neither evidence nor inferences therefrom are present to support the same. Padilla v. Winsor, 67 N.M. 267, 354 P.2d 740. We have so reviewed the evidence here and are clear that there is a total absence of proof or permissible inference to support a finding of negligence or to excuse or explain the presence of decedent's car in the wrong lane.

■ In Hartford Fire Ins. Co. v. Horne, 65 N.M. 440, 338 P.2d 1067, we announced the law to be that where the point of impact is in a certain party's lane of travel and there is no evidence to explain the presence of the other party's car in that lane, and the fact of the presence of the one car in the lane of the other contributed proximately to the accident, the party in the wrong lane would be negligent as a matter of law.

This statement is peculiarly applicable under the facts of this case. We cannot assume or speculate or infer that decedent got into the truck's lane of travel because he saw the truck over in his lane. To do so would be pure conjecture. There are no facts proved from which the jury could determine that decedent turned his car into the left lane because he was suddenly placed in peril. Neither are there any facts from which such an inference can be drawn.

The facts surrounding the accident in this case differ from those present in Bolt v. Davis, 70 N.M. 449, 374 P.2d 648, only in that the bus in that case never was in any lane other than its own and was on the far right side of its lane when the impact occurred. In that case the trial court sustained a motion for directed verdict at the close of plaintiff's case and we affirmed. We do not consider that the facts proven in this case merit a different result.

Defendant argues other grounds for reversal. However, in view of our conclusion as hereinabove announced, it is not necessary for us to consider or discuss them.

The cause is reversed and remanded with instructions to set aside the judgment for

plaintiff, and to enter judgment for defendants dismissing the action.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.

· CHAVEZ and NOBLE, JJ., not participating.