THE STATE EX REL. LOUIS SMITH, BY NEXT FRIEND, v. FRANCIS H. TRIMBLE ET AL., JUDGES OF KANSAS CITY COURT OF APPEALS, AND ROTHENBERG & SCHLOSS CIGAR COMPANY.

Division Two, June 25, 1926.

1. NEGLIGENCE: Humanitarian Rule: Warning: Defective Pleading: Instruction: Jeofails. A petition alleging that the driver of the motor truck, driving east on an east-and-west street, on which plaintiff was coming west on a bicycle, negligently turned north into a cross street before reaching the center thereof; that "he negligently failed to give any warning to plaintiff; that he saw, or in the exercise of ordinary care, could have seen plaintiff in a position of peril, of which plaintiff was not aware, in time to have avoided running into plaintiff by stopping his truck or slackening his speed," charges negligence in failing to warn plaintiff; and while it does not specifically charge that, after the driver saw or should have seen plaintiff's peril, he negligently failed to warn him, that warning is necessarily implied from the context, and the petition is, under the Statute of Jeofails (Sec. 550, R. S. 1919), good after verdict, where the case was tried throughout on the theory that the petition charged failure to warn as an element of the negligence, and plaintiff proved without objection that the driver was negligent in turning north into the cross-street, when he was right on plaintiff, and the driver himself testified that he could have stopped the truck in three or four feet, and if he had been looking he could have seen plaintiff seventy or eighty feet away; and under said statute and the other statutes (Secs. 1276, 1513, R. S. 1919) declaring that the appellate court shall disregard any defect in the pleadings which does not affect the substantial rights of the adverse party, the judgment cannot

be reversed; and the Court of Appeals in reversing the judgment on the ground that the petition failed to allege that no warning was given after plaintiff's peril was discovered and on the further ground that the instruction erroneously submitted to the jury the question whether defendant might have averted the injury "by warning said plaintiff of the danger and peril," contravened many decisions of this court.

2. ———: **Evidence: Statement of Driver of Motor Truck: Res Gestae.** Where the petition charges that the driver of a motor truck negligently turned into a cross street before reaching the center thereof and thereby struck plaintiff who was crossing the cross street on the right-hand side on a bicycle, testimony of a witness that "the driver of the truck said to her immediately after the accident, and while yet at the scene where it occurred, that he was late in getting home and he was in a hurry and didn't see the boy until he was right on him," is competent as part of the **res gestae** in the trial of an action for damages brought against the driver's employer; and the Court of Appeals in ruling that the statement was not admissible as **res gestae** contravened many decisions of this court. Furthermore, where the statement was substantially the same as the driver's own testimony, its admission was harmless, whether or not strictly a part of the **res gestae**.

---

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2955, p. 975, n. 88; Section 3196, p. 1170, n. 33; Section 3202, p. 1173, n. 70. **Evidence,** 22 C. J., Section 545, p. 455, n. 74. **Mispleading,** 40 C. J., p. 1224, n. 3 New. **Pleading,** 31 Cyc., p. 361, n 27, 28. **Statutes,** 36 Cyc., p. 1174, n. 69, 78; p. 1188, n. 59.

*Certiorari.*

OPINION QUASHED.

*Forsee & Forsee* for relator.

(1) The Court of Appeals held that the trial judge committed "error" in giving plaintiff's Instruction 2, because, it says, plaintiff's charge of negligence on the part of the defendant in failing to warn plaintiff of his danger appeared in the wrong part of plaintiff's petition. This ruling is in direct conflict with the latest opinions of this court, in the following cases, and for the following reasons: (a) It was sufficient for the allegation of lack of warning to appear in any part of the petition. Riley v. Independence, 258 Mo. 671. (b) Evidence of lack of warning was admitted by the court, without any objection by the defendant, and defendant admitted that no warning was given. Under such circumstances the ruling of this court is that the petition will be treated as if amended if it were defective. Solomon v. Moberly, 303 Mo. 622; Miller v. Mo. Pac. Ry. Co., 105 Mo. 455; Heman v. Allen, 156 Mo. 534; Morgan v. Wabash Railroad, 159 Mo. 262; Jones v. Railroad, 178 Mo. 528; Smith v. Smith, 201 Mo. 533; Rock v. Keller, 278 S. W. 765. (c) If it was error, this court holds it was an error not "materially affecting the merits of the action," and harmless. Jones v. Railroad, 178 Mo. 554; Sec. 1550, R. S. 1919;

Heman v. Allen, 156 Mo. 534. (2) The Court of Appeals held that the trial court committed reversible error in admitting in evidence as a part of the *res gestae* the declarations of the driver of the truck made to an eyewitness of the occurrence at the scene of the injury, and immediately after the truck struck the plaintiff. Such ruling is in direct conflict with the following latest decisions of this court and for the following reasons: (a) The declarations were a part of the *res gestae.* Barz v. Fleischmann Yeast Co., 271 S. W. 361; Pryor v. Payne, 263 S. W. 985; Landau v. Travelers Ins. Co., 267 S. W. 376; Rosenzweig v. Wells, 273 S. W. 1071. (b) The declarant was placed on the witness stand by the defendant and he admitted (as the opinion of the Court of Appeals states) that he had made the declarations. He also testified in substance to the same facts. Therefore, the error, if one, was harmless. State v. Martin, 124 Mo. 530; Barker v. Ry. Co., 126 Mo. 143; Jones v. Ry. Co., 178 Mo. 554. (c) The declaration in connection with other evidence tended to prove (a fact plaintiff was required to prove) that the driver of the truck was in the employ of the defendant, and engaged in his master's business at the time of the injury. Barz v. Fleischmann Yeast Co., 271 S. W. 361. (d) In admitting the declaration as a part of the *res gestae,* the trial court exercised its judicial discretion, which it had a right to do. Landau v. Travelers Ins. Co., 267 S. W. 376.

*Henry S. Conrad, L. E. Durham* and *Hale Houts* for respondents.

(1) This court is concerned in a proceeding of this kind only with questions involving conflict in a decision of the Court of Appeals with the previous applicable decisions of this court. State ex rel. v. Reynolds, 235 S. W. 90. (2) The first ruling of the Court of Appeals complained of is that holding that the giving of plaintiff's Instruction 2 was reversible error in that the instruction, by authorizing the jury to find for plaintiff under the last-chance doctrine for alleged negligence on the part of defendant's driver in failing to give a warning to plaintiff after his peril was discovered so as to avoid the collision, was broader than the pleading. It is not denied by relator that the instruction so authorized recovery. It is contended that the petition was sufficient to cover such ground. The Court of Appeals had no decision of this court to guide it in determining the question of whether the petition covered the ground of negligence in question. It would seem, however, that its decision that the petition was not so sufficient is clearly right. The court held that the allegation of a failure to warn was not a part of the charge of negligence under the humanitarian doctrine. A failure to warn generally is obviously to be distinguished from failure to warn under the

humanitarian doctrine since the latter in order to constitute negligence must consist of a failure to warn after the defendant has seen or by the exercise of ordinary care could have seen the plaintiff in a position of peril of which plaintiff was not aware in time to have avoided the collision, or rather, in time to have enabled plaintiff to have avoided it. It is clear that the allegations of the petition as stated by the court contain no such allegation as this. The only theory of the humanitarian doctrine pleaded was failure to stop. Even aside from consideration of the elements of negligence in a failure to warn under the humanitarian doctrine, the language of the petition cannot be construed otherwise than as construed by the Court of Appeals. (3) It is next insisted by relator that even if the instruction was broader than plaintiff's petition in the respect indicated, the error was waived by reason of the fact, as claimed by relator, that evidence bearing upon the issue of failing to warn under the humanitarian doctrine was admitted without objection. Evidence of failure to warn generally was of course admissible under the allegation of failure to warn as a ground of primary negligence under the petition. If admissible for any purpose failure to object could not constitute waiver. It does not appear from the opinion of the Court of Appeals that the evidence went any further than to support such general allegation. But even had there been evidence, admitted without objection, supporting this ground of negligence not covered by the petition, such fact would not have authorized the submission of it to the jury as a ground for recovery. The Court of Appeals said: "It is the well-established rule that an instruction must conform both to the pleading and the proof." And such is the rule of this court. Black v. Railway, 217 Mo. 672; Degonia v. Railroad, 224 Mo. 589; State ex rel. v. Ellison, 270 Mo. 645; Champion Co. v. Schillke, 237 S. W. 111. (4) The second and last main point made by relator is that the Court of Appeals failed to follow the controlling decisions of this court in holding the testimony as to the statement made by defendant's driver after the collision was not part of the *res gestae* and that its admission was reversible error. The question of whether or not a statement is part of the *res gestae* depends upon the facts of the particular case. Pryor v. Payne, 263 S. W. 982. The principles to be applied in determining the question of admissibility of statements, as stated by the Court of Appeals, are in accord with the statement of this court in Leahey v. Railway, 97 Mo. 165, and in Redmont v. Railway, 185 Mo. 1. (a) Relator next insists that if the admission of testimony were erroneous the error was harmless and in support of this contention insists that the driver admitted that he made the declaration, that the Court of Appeals in its opinion said that he so admitted and, also, that the driver testified to the same facts. Relator is in error in so stating the evidence. There

was no such admission or similar evidence and the Court of Appeals held that there was not. The question of whether defendant's driver testified to the same effect as the statement erroneously admitted was one for the Court of Appeals, there being no decision of this court involving similar facts. (b) Finally relator insists that under Landau v. Travelers Ins. Co., 267 S. W. 376, the admission of the declaration was an exercise by the trial court of judicial discretion with which the Court of Appeals could not interfere. The fact that this court has frequently held the admission of testimony as *res gestae* to be reversible error would seem to indicate that the admission of such testimony was not a matter in the discretion of the trial court, nor does the Landau case support the view that the admission of testimony of this character is in the discretion of the trial court.

HIGBEE, C.—*Certiorari* to review the opinion of the Kansas City Court of Appeals in Louis Smith, by next friend, v. Rothenberg & Schloss Cigar Company, reversing a judgment for the plaintiff for the sum of $5000 for damages for personal injuries sustained by him about eight P. M. on March 8, 1922, and remanding the cause for new trial. The opinion of the learned court of appeals reads in part:

"Plaintiff, a boy about fourteen years of age, and his younger brother, were riding bicycles traveling west on the north side of Ninth Street down grade. Defendant's salesman, accompanied by his son, was driving a Ford truck on Ninth Street, approaching Olive Street intersection from the west, and turned into Olive Street to the north. The collision took place at or near the northwest corner of the intersection.

"The petition alleges the salesman negligently turned north before reaching the center of the Olive Street intersection; that he negligently failed to give any warning to plaintiff; that he saw, or in the exercise of ordinary care, could have seen plaintiff in a position of peril, of which plaintiff was not aware, in time to have avoided running into plaintiff by stopping his truck or slackening speed. In the aid of the first allegation, an ordinance of the city of Kansas City is pleaded which required all vehicles to pass the center of intersecting streets before making a turn. . . .

"Plaintiff's evidence shows that he was traveling west on Ninth Street, near the curb on the north side thereof, and that when he was a short distance east of Olive Street he saw the truck coming west on Ninth Street half a block away and traveling on the street-car tracks. Plaintiff entered upon the intersection, traveled across it, and had reached the northwest corner thereof when he was suddenly struck. The evidence shows that there is a telephone guy pole on the north side of Ninth Street 11.6 feet west of the corner of Olive, and that the front of the truck struck this pole at the instant, or immedi-

ately after, striking plaintiff. And when the truck stopped it was headed northwest against the curb 11.6 feet west of the northwest corner of the intersection.

"From these circumstances, which are not disputed, we must hold that this was sufficient evidence from which the jury reasonably might infer that defendant had 'cut the corner' in violation of the city ordinance requiring the driver of a vehicle to pass the center of an intersection before turning to the left. . . .

"Referring now to that clause in the assignment which asserts 'there was no reason for the humanitarian rule,' it may be observed that the testimony of the driver of the truck was to the effect that he turned his truck gradually and as he did so the truck faced north, at which time his headlights shone on plaintiff and his brother; that he then put his foot on the clutch (he was then part way across the street) and turned to the northwest in an attempt to avoid hitting the boy. The driver's testimony was that the truck was going ten to twelve miles per hour and that he could have stopped his car in three or four feet; that when he first saw the boys they were seven to ten feet away; that his headlights were good and had he been looking for a person he could have seen him seventy to eighty feet away; that while approaching Olive Street, he was going twelve to fifteen miles per hour; that he reached the intersection, drove to the center thereof, before turning north and that when he commenced to turn he turned to the left all the time. . . .

"Defendant objects to plaintiff's Instruction 2 upon the ground that there should have been no submission of the case under the humanitarian rule. This instruction told the jury that 'although they might find and believe plaintiff was guilty of negligence contributing to his injury, yet if the driver of such car or truck saw, or by the exercise of ordinary care, could have seen that plaintiff was in a place or position of danger and peril and that plaintiff was not aware of said danger or peril and that said driver, after discovering plaintiff's said position, or after, by the exercise of ordinary care, he could have discovered it, might by the exercise of ordinary care, have avoided said collision by warning said plaintiff of the danger and peril, or by stopping or slowing down the speed of said car or truck, then the fact, if it be a fact, that plaintiff was guilty of such negligence does not preclude a recovery herein if he is entitled to recovery under the evidence and instructions herewith given you.'

"Defendant's chief objection to this instruction is that there is no testimony to warrant submission of the question of the obliviousness of plaintiff to his danger. In addition to what we have said it is proper to direct special attention to the evidence on this point. Plaintiff saw the truck approaching from the west and would be justified in presuming that it would continue its eastward course unless there .

was some warning or signal of an intention to turn. The testimony shows no such warning or signal was given. Plaintiff's testimony is that he did not know the truck had turned north until almost the instant he was struck. There was therefore substantial testimony to the effect, as stated above, that the driver of the truck saw, or by the exercise of ordinary care could have seen that plaintiff was in a position of peril and oblivious thereto, in time to have averted the accident. The instruction was not erroneous in this respect. [Citing cases.]

"Further it is charged the instruction is erroneous for the reason that it authorized the jury to find for plaintiff if they found the driver was negligent upon any of three grounds, to-wit: failure to warn, failure to stop, or failure to slow down.

"It is pointed out by defendant that the petition fails to include as part of its charge of negligence under the humanitarian rule, any failure to warn, and in submitting to the jury the question of whether or not defendant might have averted the injury, 'by warning said plaintiff of the danger and peril,' an element is embodied in the instruction which is not pleaded as a part of the negligence alleged under the humanitarian rule. In the case of Ross v. Davis, 213 Mo. App. 209, 222, this court held erroneous a similar instruction saying: 'The instruction should have submitted the case within the precise and narrow limits of the case as made by plaintiff's positive and certain testimony.' It is the well-established rule that an instruction must conform both to the pleading and the proof. And while there is some testimony that no warning was given, we must hold the instruction erroneous because of failure to plead this element of negligence.

"It is also charged that the court erred in permitting plaintiff's witness, Mrs. Reinart, to testify that defendant's salesman, Keyes, the driver of the truck, said to her immediately after the accident and while yet at the scene where it occurred, that he 'was late in getting home and he was in a hurry and didn't see the boy until he was right on him.' The objection to this testimony is that it was hearsay, not binding on defendant, and that it was prejudicial.

"The testimony shows that this witness saw the collision from the window of her home, the second house west of Olive Street, on the north side of Ninth Street, and that she came out of her house immediately and went to the place of the accident. It is urged that it does not appear in evidence how soon after the collision Keyes made the statement which he admits having made. Defendant admits that it may be presumed that the statement was made after Keyes and his son had gotten out of the truck and lifted plaintiff from the pavement to the curb, and it appears to have been made in response to a question asked by the witness of Keyes.

"It is well settled that an admission, or statement, by a servant of a past transaction is not binding upon the master, unless it is a part of the transaction itself, so as to constitute a part of the *res gestae*. It may properly be said that the courts do not differ materially as to what *res gestae* is, but there is much in the application of rules pertinent thereto. [Here the opinion quotes from Redmond v. Railroad, 185 Mo. 1. c. 11.]  . . .

"In the case at bar, it must be conceded that as to point of time, the statement was made very soon after the collision, but even at that, it seems to us to be a mere recital of the occurrence and not a part of the happening itself, and for this reason the testimony is inadmissible.  [Citing cases.]

"Plaintiff insists that if the admission of Mrs. Reinart's testimony on this point was error, it was cured by the testimony of the driver, Keyes, who was defendant's witness, and made practically the same statement as was contained in the testimony of Mrs. Reinart.  We cannot accept this position as conclusive.  Moreover the two statements are not identical, as we read them.  Mrs. Reinart's statement is as follows: 'He said he was late in getting home and he was in a hurry and he didn't see the boy *until he was right on him*.' (Italics ours.)  Keyes's testimony was: that he was 'going on a business call, going to make one call, then he was going to finish for the day.  I was late.  Had a couple of punctures that day so I was late—I turned my car partially as you gradually will turn a car, facing the north, why the light shone on to some boys.  Well, it was just impossible—the moment I seen them, I put my foot on the clutch because then already part way across the street and stopped right beyond the curbing, just a little beyond the curbing and turned my car around toward the northwest to avoid hitting them.' "

I.    The opinion holds that Instruction 2 is broader than the petition.  The language is:  "And while there is some testimony that no warning was given, we must hold the instruction erroneous because of the failure to plead this element of negligence."  Again:  "The testimony shows no such warning or signal was given."  This evidence was admitted without objection.  The criticism is that the instruction is broader than the petition—not that it is broader than the evidence.

The petition alleges, as recited in the opinion, "that the salesman negligently turned north;  . . .  that he negligently failed to give any warning to plaintiff; that he saw, or in the exercise of ordinary care, could have seen plaintiff in a position of peril, of which plaintiff was not aware, in time to have avoided running into plaintiff by stopping his truck or slackening speed."

Section 1550, Revised Statutes 1919, reads:  "When a verdict shall have been rendered in any cause, the judgment thereon shall not

. . .. be reversed, impaired or in any way affected by reason of the following imperfections, omissions, defects, matters or things or any of them, namely: . . '. fifth, for any mispleading, . . . insufficient pleading, jeofail or misjoining issue; . . . eighth, for the want of any allegation or averment on account of which omission, a demurrer could have been maintained; ninth, for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict; . . . fourteenth, for any other default or negligence of any clerk or officer of the court or of the parties, or of their attorneys, by which neither party shall have been prejudiced."

Section 1276, Revised Statutes 1919, reads: "The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Section 1513, Revised Statutes 1919: "The supreme court, or courts of appeal, shall not reverse the judgment of any court unless it shall believe that error was committed by such court against the appellant or plaintiff in error, materially affecting the merits of the action."

And Section 1551 provides that omissions and imperfections in the pleadings shall be supplied and amended by the court and may be cured by amendment in the appellate courts, "not being against the right and justice of the matter of the suit, and not altering the issues between the parties on the trial."

Mispleading is defined: "Pleading incorrectly, or omitting anything in pleading which is essential to the support or defense of an action." [2 Bouvier's Law Dict. (Rawles 3rd Rev.) 2225.]

It is clear the petition charges negligence in failing to warn plaintiff, but the contention is it does not charge that, after the driver saw or should have seen plaintiff's peril, he negligently failed to warn plaintiff, and that the instruction introduced an element of negligence not pleaded. It is also clear that the plaintiff made proof of this element of negligence (that is, turning north into Olive Street when right on plaintiff) without objection, and that the defendant's own witness, the driver of the truck, testified in chief that he was going ten or twelve miles per hour; that he could have stopped the car in three or four feet, and that if he had been looking he could have seen plaintiff seventy or eighty feet away, but that when he first saw the boys they were from seven to ten feet away. From his testimony it is obvious that the truck, going ten or twelve miles per hour toward the approaching bicycles, was right on the two boys when the driver discovered them. To my mind it is apparent that the pleader meant, and was understood by the defendant, to charge

failure to warn as an element of negligence; that the defendant tried the case on that theory, and that the most that can be said is that this element of negligence was defectively pleaded.

The general rule is thus stated in Bouvier's Law Dictionary (Rawles 3rd Revision) 1690: "Certain statutes are called statutes of amendments and jeofails, because, where a pleader perceives any slip in the form of his proceedings, and acknowledges the error (jeofail) he is at liberty, by those statutes, to amend it. The amendment, however, is seldom made; but the benefit is attained by the court's overlooking the exception; 3 Bla. Com. 407; 1 Sand. 228, n. 1; Doct. Pl. 297; Dane Abr. These statutes do not apply to indictments."

These statutes are remedial and are liberally construed. In Chouquette v. Southern Electric Ry. Co., 152 Mo. 257, 264, 53 S. W. 897, this court said:

"In Mellor v. Railroad, 105 Mo. l. c. 471, THOMAS, J., speaking for the Court in Banc, in construing this statute, said: 'A defect of this character is remedial by amendment at the trial; . . . and, if the objection had been made, plaintiff could have obtained leave to amend his petition so as to cover the element of damage and thus conform to the facts proven. The defendant, however, chose to remain silent as to this point during the trial. . . . It filed no affidavit of surprise either before or after verdict. Indeed, this record clearly shows that the defendant did not regard the defect in the petition under review as prejudicial to its defense, or as affecting its substantial rights. Defeat under such circumstances must be borne. Litigants must learn to be diligent. Objections must be timely and specific. Any other course would be unjust to the trial courts.' This opinion was the result of an exhaustive review of our practice act bearing on the questions involved in this assignment of error, and we see no reason to depart from the conclusions therein reached. In our opinion the objection urged, that there is a variance between the proof and the allegations of the petition, is not now well taken. The judgment of the trial court cannot, therefore, be disturbed for that reason."

The Chouquette case is cited approvingly in State v. Baird, 288 Mo. 62, 68, 231 S. W. 625, and Bammert v. Kenefick, 261 S. W. 78, 82. See also Smith v. Smith, 201 Mo. 538, 544, 100 S. W. 579, and Morgan v. Wabash Railroad Co., 159 Mo. 262, 283, 60 S. W. 195. In Heman v. Allen, 156 Mo. 534, 540, 57 S. W. 559, the lack of an essential averment in the petition was supplied by proof offered by the plaintiff and admitted without objection. It was held that the defect in the petition was unavailable to defendant on appeal. In Thomasson v. Insurance Co., 217 Mo. 485, 497, GANTT, J., said:

"The petition in this case having shown the location of the personal property to be in the barn when insured and alleged its destruction by fire, every reasonable presumption and intendment should be indulged from the facts alleged, after verdict, and in aid thereof. At most all that can be urged against the petition is that it was a defective statement of a good cause of action and not an entire failure to state a cause of action. It does not follow that, because a petition is defective and subject to a general demurrer, it would be insufficient to sustain a verdict. On the contrary the well-settled rule, both at common law and under our code, is that if a material matter be not expressly averred in the petition, but the same is necessarily implied by what is stated in the context, the defect is cured after verdict, the doctrine resting on the presumption that plaintiff proved on the trial the facts imperfectly alleged, the existence of which was essential to his recovery. [People's Bank v. Scalzo, 127 Mo. l. c. 189, and cases there cited; Sec. 672, R. S. 1899; Salmon Falls Bank v. Leyser, 116 Mo. 51, l. c. 73.] The defendant did not demur to the petition in this case and every presumption will be indulged that the evidence supplied the defective allegation and showed that the grain and hay and farming utensils were in the barn at the time it was burned."

And in Rock v. Keller, 278 S. W. 759, 765, we said: "Even if the averments were technically insufficient to raise the issue, we hold, as was held in Solomon v. Moberly L. & P. Co., 303 Mo. 622, 634, 262 S. W. 367, and cases there cited, that, as respondents would have been entitled in the trial court to amend the petition to correspond to the facts proven, we will treat the petition here as having been properly amended."

The ruling of the learned Court of Appeals that the trial court erred in giving Instruction 2 is in conflict with the above-mentioned decisions of this court.

II. The learned opinion holds that the trial court erred in permitting Mrs. Reinart to testify that "the driver of the truck said to her immediately after the accident, and while yet at the scene where it occurred, that he was late in getting home and he was in a hurry and didn't see the boy until he was right on him." We have set out all that is said in connection with the circumstances attending this statement, and are of the opinion that this statement was part of the *res gestae*, and that the holding of the learned Court of Appeals in this respect is in conflict with the decisions of this court.

In Leahey v. Cass Avenue Ry. Co., 97 Mo. 171, 10 S. W. 58, Judge Black quoted approvingly from the dissenting opinion of the four justices in Vicksburg Railroad Co. v. O'Brien, 119 U. S. 99, as follows: "As the declaration was made between ten and

thirty minutes after the accident, we may well conclude that it was made in sight of the wrecked train, and in the presence of the injured parties, and while surrounded by excited passengers. . . . The modern doctrine has relaxed the ancient rule, that declarations, to be admissible as part of the *res gestae*, must be strictly contemporaneous with the main transaction. It now allows evidence of them, when they do appear to have been made under the immediate influence of the principal transaction, and are so connected with it as to characterize or explain it.' "

This question has been thoroughly considered in the recent cases of Rosenzweig v. Wells, 273 S. W. 1071 (5); Pryor v. Payne, 263 S. W. 982; Landau v. Travelers' Ins. Co., 267 S. W. 376, and Barz v. Fleischmann Yeast Co., 271 S. W. 361. The ruling is in conflict with these decisions.

Furthermore, the evidence of the declarant, the driver of the truck, was substantially the same as the declaration proven by Mrs. Reinart. The admission of the declaration was harmless, even if it were not a part of the *res gestae*. [State v. Martin, 124 Mo. 514, 530.]

The opinion and judgment of the Kansas City Court of Appeals is accordingly quashed. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.