JANET BEESON, Appellant, v. FRED W. FLEMING AND FRANCIS W. WILSON, RECEIVERS OF KANSAS CITY RAILWAYS COMPANY.

Division Two, June 25, 1926.

**1. EVIDENCE: Collision: Statement of Automobile: Res Gestae.** The testimony of a passenger on defendant's north-bound street car, who was sitting on the front seat and saw the car collide with an automobile at a street crossing, that, immediately following the collision, he jumped to his feet, went directly to the motorman, and asked him: "How came that fellow to run into you?" to which the motorman replied: "He ran around that car" (a south-bound car) "and ran into me" was competent. Both the question of the witness and the answer of the motorman were admissible on behalf of defendant as a part of the **res gestae**.

**2. INSTRUCTION: Ignoring Concurring Negligence.** Where there is substantial evidence that the driver of the automobile was guilty of negligence in turning onto a street car track into an intersecting street, and that the motorman was negligent in running the street car at an excessive speed, in violation of a pleaded ordinance, it is error to give an instruction which, complete in itself, directs the jury to return a verdict for defendant unless they find that defendant's negligence was alone the proximate cause of the injury to plaintiff, who was a passenger in the automobile when it and the
315 Mo.—12.

street car collided. Such an instruction ignores concurrent negligence, and authorizes a verdict for defendant upon a single issue presented by the evidence, in total disregard of the main issue.

3. ————: **Violation of Ordinance.** An instruction seeking to excuse defendant on the ground that the driver of the automobile violated an ordinance pleaded as a defense, should set forth the pertinent parts of the ordinance, and then tell the jury what facts established by the evidence constituted a violation thereof, and then direct the jury that, if they find that the driver's violation of the ordinance was the sole and proximate cause of plaintiff's injury they should return a verdict for defendant.

Corpus Juris-Cyc. References: **Evidence**, 22 C. J., Section 545, p. 455, n. 74. **Street Railroads**, 36 Cyc., p. 1529, n. 17 New; p. 1560, n. 74; p. 1561, n. 79 New; p. 1641, n. 19.

Appeal from Jackson Circuit Court.—Hon. James H. Austin, Judge.

REVERSED AND REMANDED.

*John F. Cell, R. R. Brewster* and *J. M. Fisher* for appellant.

(1) The alleged colloquy had between the witness Sanger and the motorman was incompetent for any purpose. It was not part of the *res gestae.* It did not illustrate or shed light on how the collision took place. The statements are self-serving, clearly designed to excuse the motorman from blame for what had happened and intended to cause the jury to decide that all the blame was upon Witty without giving the jury any facts upon which to decide, and said testimony was highly prejudicial. Adams v. Railroad Co., 74 Mo. 553; Leahey v. Ry. Co., 97 Mo. 165; Redmond v. Railroad, 185 Mo. 1; Koenig v. Ry. Co., 173 Mo. 698; Gotnald v. Transit Co., 102 Mo. App. 492; Rosenzweig v. Wells, 273 S. W. 1074; 1 Wharton's Law of Evidence, sec. 259. (2) The giving of Instructions 1-D, 2-D and 3-D as modified by the court and 5-D and 7-D for defendants, was error. Hall v. Coal & Coke Co., 26 Mo. 351; Hinzeman v. Railroad, 182 Mo. 611; Moore v. Transit Co., 126 Mo. 265; Holden v. Ry. Co., 177 Mo. 456; State ex rel. Long v. Ellison, 199 S. W. 984; Humphreys v. Railroad, 178 S. W. 233.

*Charles N. Sadler* and *Louis R. Weiss* for respondents.

(1) Testimony of witness Sanger was properly received. Declaration need not be coincident with injury to be admissible as *res gestae.* Pryor v. Payne, 304 Mo. 560: Noland v. Morris & Co., 212 Mo. App. 1; Grant v. K. C. Southern Ry. Co., 172 Mo. App. 334; Shore v. Dunham, 178 S. W. 900; Vaughan v. Railroad, 177 Mo. App. 174; State v. Martin, 124 Mo. 514; Leahey v. Cass Ave. & Fairgrounds

Ry. Co., 97 Mo. 165; Landau v. Travellers Ins. Co., 267 S. W. 376; Greenlee v. Casualty Co., 192 Mo. App. 308; Nahorski v. Elec. Terminal Ry Co., 271 S. W. 751; Barz v. Fleischmann Yeast Co., 271 S. W. 361; Rosenzweig v. Wells, 273 S. W. 1074. (2) Instructions 1-D, 2-D, 3-D, 5-D and 7-D are within purview of pleadings and evidence and correct as to form. (a) It is negligence *per se* to violate ordinances. Borack v. Mosler Safe Co., 288 Mo. 90; Rooney v. Yellow Cab & Baggage Co., 269 S. W. 668; Adolph v. Brown, 255 S. W. 947; Yonkers v. Railroad, 182 Mo. App. 182; Stone v. Leritz, 182 Mo. App. 315. (b) Failure to define the term "negligence" is not error. Smith v. Greer, 257 S. W. 831; Duvall v. Brooklyn Cooperage Co., 275 S. W. 589; Malone v. Railroad, 213 S. W. 867; Sweeney v. Cable Ry. Co., 150 Mo. 401; West v. Duncan, 249 S. W. 128. (c) It is unnecessary to require a jury to find an act negligent which the law pronounces negligent. Haake v. Dulle Milling Co., 153 S. W. 74; Borowski v. Biscuit Co., 229 S. W. 426; State ex rel. v. Ellison, 199 S. W. 987. (d) Negligence will not be presumed. Pippin v. Construction Co., 187 Mo. App. 360; Whitesides v. Railroad, 186 Mo. App. 619; Witting v. Railroad, 101 Mo. 639; King v. Ringling, 145 Mo. App. 294; Fink v. Railroad, 161 Mo. App. 326; Warner v. Ry. Co., 178 Mo. 133. (e) Mere fact of injury no evidence of negligence. Pointer v. Mountain Ry. Const. Co., 269 Mo. 120; Weber v. Valier & Spies Milling Co., 242 S. W. 985. (f) Not necessary to define "proximate cause," "sole cause" or "concurrent negligence." Maloney v. United Rys. Co., 237 S. W. 515; Berryman v. Surety Co., 227 S. W. 101; Wolters v. Ry. Co., 193 S. W. 877.

RAILEY, C.—This action was commenced on November 8, 1921, in the Circuit Court of Jackson County, Missouri, and on August 2, 1922, a first amended petition was filed. After setting out formal matters, the amended petition charged negligence against said receivers on two grounds: First, in operating said street car at said time and place at an excessively high and dangerous rate of speed, to-wit, in excess of twenty miles an hour; second, in operating said street car in violation of the revised ordinance of Kansas City, Missouri, in force at the time, regulating the speed of street cars, same being Section 676, found on page 720 of the Charter and Ordinances of Kansas City, Missouri, Annotated, 1909, as follows:

"Section 676. *Speed of Street Cars.* No street car shall, in any case, be run or operated upon, over or across any street in this city at a greater rate of speed than twelve miles per hour."

Respondent's answer was a general denial, coupled with a plea of contributory negligence, followed by allegations that plaintiff's injuries, if any, were directly and proximately caused by the negligence of H. A. Witty in driving the automobile in which plaintiff was

riding at an excessive and dangerous rate of speed under the circumstances. It is averred that, at the dates mentioned in petition, Ordinance No. 28759 and amendments thereto, regulating riding, travel, stopping, standing and traffic in the streets and boulevards of said city, was in full force and effect; that Section 11 of said ordinance is and was as follows:

"A vehicle meeting another shall pass on the right.

"A vehicle overtaking another shall pass on the left side of the overtaken vehicle and not pull over to the right until entirely clear of it, except when a street car is overtaken, it shall be passed on the street car's right."

That Section 14 of said ordinance is as follows:

"A vehicle when turning to the left to enter an intersecting street shall not turn until it shall have passed beyond the center of such intersecting street."

It is alleged that said H. A. Witty negligently drove the automobile in which plaintiff was riding and in so doing violated said Section 11 of ordinance aforesaid, by then and there overtaking, and attempting to pass, a south-bound street car on the east or left-hand side of the south-bound street car; that said Witty negligently drove said automobile in violation of Section 14 of said ordinance, by then and there undertaking to turn to the left, ostensibly for the purpose of entering an intersecting street, before reaching the center of said intersecting street, as required by said ordinance."

It is averred, that the negligent acts aforesaid of said Witty, operating severally and concurrently, directly caused plaintiff's injuries, if any, for which defendants are not liable.

The reply admits that defendants were in charge of the properties of said Railway Company as pleaded in the amended answer, and admits that plaintiff was riding in an automobile driven by said H. A. Witty, as alleged in her first amended petition. The reply denies every other allegation in the answer.

The case was tried during February 12, 13, 14, 15 and 16, 1923, a verdict returned on said last mentioned date in favor of defendants, and judgment rendered accordingly. On February 19, 1923, plaintiff filed her motion for a new trial, which was overruled, and an appeal granted her to this court.

Frank Lashbrook, in behalf of plaintiff, testified substantially as follows: That he was in the front seat of the motor car with H. A. Witty, who was the driver of same; that as the south-bound street car slowed down for the intersection of 14th Street this automobile, following about eight or ten feet behind it, turned to the east, entering upon the north-bound track about twelve feet north of the north curb line on 14th Street; that the north-bound street car which collided with the automobile was running eighteen or twenty

miles an hour; that the automobile had been running ten or twelve miles per hour following the south-bound street car, and that when the turn to the east was made by the automobile it was twelve feet north of the intersection of 14th Street, and the presence of the north-bound street car was then discovered; that the speed of the automobile was then accelerated to fifteen or twenty miles per hour, but before the driver of the automobile could get across the north-bound track, traveling at the above rate of speed, the collision occurred.

Charles H. Bedingfield, who was seated on a stool in a near-by restaurant, in substance testified that the automobile made a left-hand turn, a few feet north of the intersection at 14th Street; that it was following within four feet from the rear end of a south-bound car, and was running fifteen miles per hour; that he saw the north-bound car for the first time when it hit the automobile, and it was then traveling about eighteen miles an hour; that the automobile speeded up as it turned east and was going about eighteen miles per hour when struck.

Everett Eugene Elser testified for plaintiff substantially as follows: That when the automobile came to the north building line of 14th Street, it started to swing to the east; that in his opinion the north and south-bound street cars passed at the intersection of 14th Street; that he did not see the accident.

Mrs. Janet Beeson testified, as shown by the bill of exceptions, as follows:

"Q. Had you noticed that Mr. Witty was a careless or reckless driver? A. No, sir, I never thought much about it. I was riding and never was afraid of automobiles, and never—

"Q. Did you pay any attention to the way in which he was driving on the morning this happened, prior to this collision? A. No. Of course, I was visiting with the ladies in the back seat, and was not paying any attention.

"Q. You placed your safety entirely in the hands of Mr. Witty? A. Yes, sir.

"Q. And you did not look out for any street cars yourself? A. No, sir.

"Q. Nor you did not caution him in any way to be careful, did you? A. No.

"Q. You did not pay any attention to where he was going or driving, did you? A. No; I was visiting with those ladies, and I suppose that is the reason I did not see the accident. I did not see the car at all, and I suppose I was hurt so bad, is the reason I cannot remember about it."

For the sake of brevity we will not set out the testimony of the numerous witnesses produced by the defendants. Their evidence

tended to show that when the south-bound street car slowed up for the intersection of Main and 14th Street, this automobile, still from ten to thirty feet north of the intersection, running at high speed, turned upon the north-bound track from directly behind this south-bound street car at a time when the two street cars were passing each other and in such close proximity to the north-bound street car that a collision was inevitable, although this north-bound street car was traveling only at a speed of from eight to twelve miles per hour, the several witnesses varying in their estimates of the speed. Inasmuch as all the testimony showed that the automobile turned to the left before it ever reached the intersection of 14th Street, it was the theory of defendants that the driver of the automobile was impatiently trying to pass the slowly moving south-bound street car by proceeding on the left-hand side of it. Plaintiff's evidence tended to show that although the automobile turned east before the intersection was reached, it was for the purpose of proceeding east on 14th Street, after which it was their intention to come back to the Union Station for lunch. Witty, the driver of the automobile in question, was not produced as a witness.

The matters presented here for review will be considered, as far as necessary, in the opinion.

I.    It is contended that reversible error was committed by the trial court in permitting E. E. Sanger, a witness for defendants, **Res Gestae.** to detail the conversation between Arlie O. Williams, the motorman of the north-bound street car which collided with the automobile in which plaintiff was riding, and himself.

It appears from Mr. Sanger's evidence that he is a dentist, and lives at Jukon, Oklahoma; that he was in Kansas City, Missouri, on November 2, 1921, and was on said date a passenger on the north-bound street car which collided with the automobile in which plaintiff was riding; that he witnessed said collision, and was at the time either in the front or next to the front seat that runs cross-wise, with his brother-in-law, J. E. Bradfield, when he heard the crash; that he was next to the aisle and his companion next to the window; that the south-bound street car passed the north-bound car on 14th Street; that the car on which he was riding traveled at about twelve miles per hour; that immediately following the collision he jumped to his feet, went right to the motorman, and said to him: "How came that fellow" (referring to driver of automobile) "to run into you." Over the objection of plaintiff, the witness testified the motorman said to him: "He" (referring to driver of automobile) "ran around that car and ran into me." Witness further testified that when he left the car he was in about ten or twelve feet of the motorman. He then described the position of the motorman and automobile as being

near where the collision occurred when the above conversation occurred.

Over the objection of plaintiff, the court admitted the answer of the motorman to the question propounded by witness Sanger, on the theory that it was admissible as a part of the *res gestae*. Appellant properly saved her exception, and the admission of said testimony is now assigned as error.

Several cases are cited by appellant, in support of her contention, but the rule of law there announced in respect to said matter has been materially modified, and a broader view of the subject taken by the more recent opinions of this court, in both Divisions and En Banc, some of which are as follows: Rosenzweig v. Wells, 273 S. W. l. c. 1074-5; Nahorski v. St. L. E. Ter. Rys. Co., 271 S. W. l. c. 751; Barz v. Fleischmann Yeast Co., 271 S. W. 361; Landau v. Travelers' Ins. Co., 267 S. W. l. c. 378; Pryor v. Payne, 304 Mo. l. c. 574, 263 S. W. l. c. 985; Unrein v. Oklahoma Hide Co., 295 Mo. l. c. 373, 244 S. W. 924; State v. Cruts, 288 Mo. l. c. 119, 231 S. W. l. c. 606; May v. C. B. & Q. Railroad Co., 284 Mo. l. c. 529, 225 S. W. l. c. 666; Hinzeman v Railroad, 199 Mo. l. c. 65; State v. Martin, 124 Mo. l. c. 525; State v. Kaiser, 124 Mo. 651; Leahey v. Cass Ave. & F. G. Ry. Co., 97 Mo. 165.

We are of the opinion, that the trial court committed no error in overruling the above assignment.

(a) The motorman was put on the stand by defendants and testified that the automobile was traveling behind the south-bound car and moved out in a southeasterly direction, going eighteen or twenty miles per hour, and struck the corner of the north-bound street car. The testimony given by witnesses for both plaintiff and defendant clearly shows that the automobile was traveling behind the south-bound street car, and shortly before reaching the north curb-line of 14th Street turned to the left, while traveling at a rapid rate of speed, in violation of the ordinance pleaded in the answer, and collided with the north-bound street car. The statement of the motorman to Sanger was properly admitted in evidence as a part of the *res gestae* and shown to be true by the testimony in the case.

The above assignment of error is without merit from any viewpoint and properly overruled.

II. It is contended by appellant that the trial court committed reversible error in giving to the jury, in behalf of defendants, instruction numbered 5-D, which reads as follows:

"The court instructs the jury that the burden of proof is on the plaintiff to prove to your satisfaction by the preponderance or greater weight of the credible testimony, that the defendants are guilty of

**Ignoring
Concurring
Negligence.** negligence as submitted to you in the court's instructions, and this burden of proof continues and abides with plaintiff throughout the entire trial, and unless you believe and find from the evidence in the case that the plaintiff has proven by a preponderance of the credible testimony to your reasonable satisfaction that the defendants are guilty of negligence, as defined in the instructions of the court, and that such negligence was the direct and proximate cause of plaintiff's injuries, if any, then your verdict must be for the defendants.''

This instruction is complete within itself, authorized a verdict for defendant, if the jury found the facts therein indicated, and completely ignores the evidence tending to show concurring negligence of the automobile driver and defendants' motorman. In other words, there was substantial evidence offered, tending to show that the driver of the automobile was guilty of negligence; and also substantial evidence tending to show that the motorman was guilty of negligence in running the north-bound street car at an excessive rate of speed, in violation of the ordinance pleaded in petition. If the jury believed from the evidence that plaintiff was in the exercise of due care, and that she was injured by the concurring negligence of the driver and the motorman, she was entitled to recover. The jury, however, were precluded from disposing of the case on concurring negligence by the above instruction, which told them that in order to find for plaintiff, they must find that defendants were negligent and that their ''negligence was the direct and proximate cause of plaintiff's injuries,'' etc.

Upon a careful consideration of the above assignment we have reached the conclusion that error was committed in the giving of said Instruction 5-D.

In Dameron v. Hamilton, 264 Mo. l. c. 116, where numerous authorities are cited in the pronouncement, we said:

''This instruction is complete within itself, and authorized a verdict in behalf of defendant if the jury found in favor of the latter upon the issues presented therein. In order that such an instruction should stand the test of judicial criticism, it must be consistent within itself, and must reasonably cover the issue presented by the opposing parties. If its provisions are inconsistent, contradictory, or exclude from the consideration of the jury vital issues in the case, and it authorizes a recovery without any reference thereto, it should be condemned.''

To the same effect are the following authorities: Heigold v. United Rys. Co., 271 S. W. l. c. 778; State ex rel. v. Ellison, 272 Mo. l. c. 583, 199 S. W. l. c. 988; Hall v. Coal & Coke Co., 260 Mo. l. c. 367 and following; State v. Stubblefield, 239 Mo. 526; Wojtylak v. Coal Co., 188 Mo. l. c. 282.

III. The court is charged with error in giving defendant's Instruction 7-D, which reads as follows:

"The court instructs the jury that there is no presumption of negligence on the part of the motorman in charge of the street car mentioned in evidence, and the jury must not presume any from the mere fact of this occurrence while said car was in charge of said motorman, but it devolves upon plaintiff to prove by the preponderance of all the credible testimony that her injuries, if any, were directly caused by the negligence of said motorman as defined in the court's instructions, and unless she has so proven, your verdict must be for the defendants."

**Further of Concurrent Negligence.**

Like the preceding Instruction 5-D, it ignores the issue of *concurring* negligence of the automobile driver and the motorman. What we have said in respect to said Instruction 5-D applies with equal force to above Instruction 7-D, which must likewise be held erroneous.

As the ruling in respect to said Instructions 5-D and 7-D necessitates a reversal and remanding of the cause, it is proper to refer to Instructions 1-D, 2-D and 3-D, given in behalf of defendant.

IV. It is insisted by appellant that Instruction 1-D, given in behalf of defendants, as modified by the court, does not properly declare the law. It is manifest, that defendants' counsel, with the aid of the court in appending the proviso to said instruction at the conclusion thereof, sought to submit to the jury the issues, (1) as to whether the driver of the automobile was guilty of negligence in violating Sections 11 and 14 of Ordinance No. 28759 by turning to the left shortly before arriving at the north line of 14th Street, and rapidly moving to the left upon the north-bound street car track in front of a street car moving north thereon; and (2) whether the negligence of the driver—if he was thus negligent—was the sole, proximate cause of the collision and plaintiff's injuries.

The instruction, in legal effect, should have told the jury, that Section 11 of Ordinance No. 28759 was in full force and effect in Kansas City, Missouri, at the time of the collision aforesaid; that it contained the following traffic requirements, to-wit:

"A vehicle meeting another shall pass on the right. A vehicle overtaking another shall pass on the left side of the overtaken vehicle and not pull over to the right until entirely clear of it, *except when a street car is overtaken, it shall be passed on the street car's right.* (Italics ours.)

The jury should then have been told that if the driver of the automobile was following a few feet behind a south-bound street car on Main Street, and that when within a short distance north of the north line of 14th Street he turned to the left and moved his auto-

mobile rapidly on to the north-bound street car track in front of a moving north-bound street car thereon, by reason of which a collision occurred, then said driver of the automobile was guilty of negligence in violating Section 11 of the ordinance aforesaid. The jury should then be told that if the negligence of the driver of said automobile was the *sole and proximate* cause of plaintiff's injuries, there could be no recovery as against these defendants.

V. The suggestions above mentioned in respect to Instruction 1-D, will apply to the reframing of Instructions 2-D and 3-D on a re-trial of the case.

VI. On account of the errors heretofore pointed out, the cause is reversed and remanded for a new trial. *Higbee, C., concurs.*

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur; *White, J.,* in result.