JAMES T. EDWARDS, APPELLANT, v. HARRY RUBIN, RESPONDENT.*

St. Louis Court of Appeals. Opinion filed February 7, 1928.

---

*Corpus Juris-Cyc. References: Motor Vehicles, 42CJ, p. 1242, n. 85.

*Joseph F. Coyle* and *Earl M. Pirkey* for appellant.

*Kane, Blackinton & Reid* for respondent.

DAUES, P. J.—This is an action for personal and property injuries in which plaintiff recovered a verdict and judgment against Harry Rubin and Herman Rubin, defendants. The court granted a new trial to defendant Harry Rubin, from which plaintiff appeals.

The pleadings and the facts touching negligence and injuries are not involved on this appeal. The sole question is as to the sufficiency of the record as to make a case for the jury against Harry Rubin, the owner of the car, the court having granted a new trial to this defendant on the ground that the demurrer as to him at the close of plaintiff's case should have been sustained.

There was direct and positive evidence that Harry Rubin owned the automobile which caused the accident, and that Herman Rubin was at the time driving same, and this is conceded by respondent. The record is absolutely silent, though Herman Rubin testified in the case, as to any family relationship of the Rubins. The accident happened on Delmar boulevard, this city, and in front of a building used by a Young Men's Association, from which the Rubin car had just started. There is no evidence as to where Harry Rubin was at the time of the collision. The automobile was a passenger car and the accident happened on Sunday.

The respondent did not testify and offered no proof as to the ownership of the car or on the question of the authority or lack of authority of Herman Rubin to drive same at the time of the accident. The sole question here is whether, ownership alone being proved, that is sufficient to take the case to the jury or to sustain a verdict against the owner under the doctrine of *respondeat superior*.

Appellant cites the cases of Barz v. Fleischman Yeast Co., 271 S. W. 361; Fleischman v. Polar Wave Ice & Fuel Co., 148 Mo. App. 117; 127 S. W. 660; Jacobson v. Beffa, 282 S. W. 161, and Rockwell v. Stamping Co., 210 Mo. App. 168, 241 S. W. 979.

Respondent relies principally upon the case of Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, and Keim v. Blackburn, 280 S. W. (Mo. Sup.) 1046.

The trial judge found himself troubled by the fact that in the instant case the automobile was a pleasure car, not such a car as is ordinarily used in commercial business. We confess, this question has troubled us, but in the case of Jacobson v. Beffa, supra, where the facts were somewhat stronger than we find them in this case, this court announced that it could see no difference in that respect between a business and a pleasure car; that the same rule should obtain. In most of these cases cited the difficulty always has been to show ownership of the car.

In the case of Barz v. Fleischman Yeast Co., supra, the Supreme Court en Banc, though the opinion is divided, three judges concurring and three dissenting and one concurring in the result, held (in the opinion filed) that the mere showing of the ownership of the car is sufficient to raise the presumption of proper agency, and cites approvingly our case of Fleischman v. Polar Wave Ice & Fuel Co., supra, and also the case of O'Malley v. Heman Const. Co., 255 Mo. 386, 164 S. W. 565, quoting from the latter case as follows:

"There being sufficient evidence to warrant a finding of defendant's ownership of the wagon, it was not necessary . . . to show affirmatively that the driver was defendant's servant" and "was acting within the scope of his employment."

In Rockwell v. Stamping Co., supra, it is ruled that the showing of ownership of a car, the injury occurring while someone else was driving same, makes a prima-facie case without affirmative proof to further establish the fact that the truck was at the time being operated by a servant or employee of the defendant, acting within the scope of his employment.

It seems that if there is substantial evidence tending to show that defendant is the owner of the automobile which inflicts damages, then such is prima-facie sufficient to charge defendant with responsibility for its management, and the truth of any rebutting evidence is for the triers of the facts. The case of Barz v. Fleischman Yeast Co., supra, by the Supreme Court en Banc, is the latest case from that court on that point. That opinion announces the doctrine that a showing of defendant's ownership is enough without affirmatively showing that the driver was defendant's servant and acting within the scope of his employment. Hays v. Hogan, supra, is distinguishable on the facts, though the language of the opinion is in conflict with the language used in the later case of Barz v. Fleischman Yeast Co., supra.

The Barz case has often been cited by the appellate courts as authority for this and other rulings therein made. See the following: Spellmeyer v. Theo. Hiertz Metal Co., 272 S. W. 1062; Snyder v.

Western Union Tel. Co., 277 S. W. 362; Jacobson v. Beffa, 282 S. W. 161; Linton v. St. Louis Lightning Rod Co., 285 S. W. 183; Ford v. Ford Roofing Products Co., 285 S. W. 538.

In Beeson v. Fleming et al., 285 S. W. 708, Division No. 2 of the Supreme Court cites the Barz opinion as an authority. In State ex. rel. Smith v. Trimble, 285 S. W. 729, the Supreme Court not only cited this opinion (on another point), with approval, but quashed the record of the Court of Appeals as being in conflict with that decision.

In Keim v. Blackburn, supra, a late case in the Supreme Court, it appears to have been affirmatively shown in plaintiff's case that the owner of the car knew nothing of the use to which the car was put and was away from home at the time the accident occurred, and therefore is of no influence here. Then we go back to the point of the beginning, that is, whether the rule as above announced applies as well to passenger automobiles as to business vehicles. To say that there is no conceivable difference would be to go too far, but there is no substantial difference, for it may be said that the owner of an automobile of any description is prima-facie responsible for its management. The presumption is that the automobile is driven by the owner or someone by the owner's authority. If shown that the automobile was operated by someone else, if it be a business vehicle, and the presumption arises that it was under the authority of the owner on some mission of the owner, why should not the rule be likewise if a passenger car is operated by someone other than the owner? If it be that the owner and the person driving the car in the first class of cases are the only persons who know the exact relationship and the limits of authority of the driver of the car, then why does not the same rule obtain in the second class of cases? If, in the first class of cases, the law says it is for the owner to show the true relationship between himself and the driver and the facts regarding the owner's control over the automobile on the occasion of the injuries, then why is not the same rule applicable in the second instant? If in the first class a prima-facie case is made and the defendant is required to bring in the true facts to destroy the presumption, then why not in the second class?

While the cases referred to above have used expressions to indicate a conceivable difference between business trucks and passenger machines, these cases always convey the idea that the presumption should *especially* apply to the former; never that it does not apply to the latter. Respondent's argument involves the assumption that the character of the construction of the vehicle is determinative of the whole question whether the presumption can apply. If this be true, then the presumption in question can be put to flight by any business man by the simple devise of putting a passenger car in service to carry out his business. Furthermore, the necessary element of

agency and scope of authority are certainly not limited to commercial or trade transactions only. Textwriters and cases from other jurisdictions, as will be found in the citations given in Fleischman v. Polar Wave Ice & Fuel Co., supra, indicate, and as our courts have since held, that this rule works no hardship on the owner.

We are constrained to hold that the plaintiff made a prima-facie case against defendant Harry Rubin in the case at bar, and therefore the verdict as to him should be reinstated. The judgment is reversed and the cause remanded with directions to the lower court to set aside the order granting a new trial. The verdict should be re-instated and judgment rendered thereon as of the date of the original judgment. It is so ordered. *Becker* and *Nipper, JJ.*, concur.

