[Civ. No. 6902.   Second Appellate District, Division Two.—September 22, 1931.]

PAULINE ALLWEIN, a Minor, etc., Respondent, v. ASBURY TRUCK COMPANY (a Corporation) et al., Appellants.

R. M. ALLWEIN, Respondent, v. ASBURY TRUCK COMPANY (a Corporation) et al., Appellants.

Harry I. Parker for Appellants.

Preisker, Goble & Twitchell for Respondents.

WORKS, P. J.—These two cases were tried together, as they involve exactly the same questions, both of fact and law. The actions were for damages and arose because of the running down of two children by a motor-truck. Judgment went for defendants, but the trial judge made an order granting a new trial. The defendants have appealed from this order.

The new trial was granted by the trial judge upon the ground that two instructions he had given to the jury were erroneous. A brief statement of facts must precede a discussion of the questions of law presented by the appeal. Respondent Pauline Allwein aged twelve years, and Raymond Allwein, aged six, were the children of respondent R. M. Allwein. The two were walking westward along the north side of a paved highway. The motor-truck came up behind them and as it approached it was also proceeding, up to some distance from them, along the right side of the road. Along and near this north, or right, side of the highway a ditch had been dug and the spoil from it had been piled beside the paved highway and up to its edge. Pauline testified that she saw the approaching truck a considerable distance behind her and her brother whom she led by the hand and that because the pile of dirt prevented them from moving off the highway to the right, they crossed it diagonally at a rapid walk, reached the unpaved area to the south of it, and had taken five or six steps along the area and parallel to the pavement when the truck struck them. On the contrary, the driver of the truck testified that as he neared the children he turned the truck toward the south, thus occupying about the middle of the pavement, in order that the children might have room to proceed along its northerly edge, but that when he came up to within five or six feet of them they started to run across the highway ahead of him, that he turned the truck again toward the south, in order to avoid them, but could not do so. After being struck the two children were lying on the unpaved area south of the pavement. Raymond was killed and Pauline was injured. There was much other evidence conflicting in its nature upon the question whether the driver of the truck was negligent, but it is unnecessary here to set it down.

738

■ One of the instructions brought in question by the appeal reads thus: "You are instructed that where a driver was driving his car with due care and caution and a confusing emergency arose, which naturally would overpower the ordinary careful driver of a motor vehicle so that momentarily or for a time he is not capable of intelligent action, and as a result injuries are inflicted upon a third person the driver is not negligent."

We are satisfied that this instruction was erroneous. Appellant defends it because of the inclusion of the clause, near its beginning, "that where a driver was driving his car with due care and caution", this language being followed by .the expression "and a confusing emergency arose". The clause upon which appellant relies is of no moment or weight whatever in the present case and might as well have been omitted from the instruction. The language might be needed in a case in which there was evidence that the defendant was driving negligently immediately before an emergency, for that negligence might have been carried over into the emergency period. Here, however, the driver's conduct before the emergency was free from negligence. In this case, therefore, the question whether the driver of the truck was operating it with "due care and caution" before or even at the time the emergency arose is entirely beside the question as to whether he was negligent as charged in the complaint. His negligence, or his innocence of it, must be determined by his conduct from the moment the emergency arose until the moment of its termination. The instruction is lame upon that question. We think it is not helped by the reference in it to "the ordinary careful driver". That expression refers only to the overpowering of the intelligence of such driver upon a confusing emergency arising, and relates in no sense to the care or conduct required of him during the time immediately following the arising of it.

We think the instruction in the present case might well have been taken by the jury to mean that a confusing emergency had arisen and it was therefore an instruction upon the evidence. Granting the validity of the instruction for any purpose, the court should have inserted in it something to the effect that "if you find from the evidence that a confusing emergency arose", etc.

We think, also, that the instruction may have been construed by the jury as one informing its members that the judge believed that the emergency "naturally would overpower", and that the driver of the truck was an "ordinary careful driver".

We are not going too far in saying that the clause "so that he is not capable of intelligent action", with its context, informed the jury that the driver of the truck was not bound to exercise any care whatever after the emergency arose and that he could not therefore be charged with negligence. If a man is not capable of intelligent action what degree of care is he capable of exercising? In other words, the instruction did not inform the jury that a man confronted by a confusing emergency should exercise any care of any degree, but that, not being capable of intelligent action, he need exercise no degree of care.

In short, the instruction must have been very confusing to the jury.

The other instruction involved on the appeal was as follows: "You are instructed that one suddenly confronted with danger may use such means as would appeal to a person of ordinary prudence in a like situation, without being held to a strict accountability as to whether the course chosen was the most judicious."

The propriety of this instruction is affected by the language incorporated in it after the word "situation". It is not necessary, however, for us to say and we do not decide that the instruction, standing alone, was actually improper. Certainly, when construed together with the instruction we have first considered, as it must be under the law, it was erroneously given.

The validity of the two instructions is assailed on other grounds, but we find it unnecessary to consider them.

Order affirmed.

Thompson (Ira F.), J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 22, 1931.