[Civ. No. 827. Fourth Appellate District.—July 10, 1933.]

J. J. BETZOLD, Respondent, v. ROSSI FLORAL COMPANY (a Corporation) et al., Appellants.

Ray W. Hays for Appellants.

Tarance S. Magee for Respondent.

BARNARD, P. J.—This is an action for damages for personal injuries received by the plaintiff in a slight collision between a motor-truck operated by him and a delivery truck owned by the defendant corporation and operated by its employee, the individual defendant. The Rossi Floral Company conducts a floral shop in the business section of the city of Fresno. In the rear of its place of business there is a strip of private property which slopes slightly upward from the alley toward the building, upon which strip the company's delivery truck is habitually parked. On the occasion here in question the defendant Marsella started out to deliver some flowers and releasing the brake allowed the truck to roll backward toward the alley. While it rolled only some six feet, when it arrived at a point either in the alley or about at the edge thereof it collided with the plaintiff's truck. The collision was slight, causing no damage to either car, but the plaintiff's arm was caught between the two cars and rather seriously injured. The defendants have appealed from a judgment after a verdict in favor of the plaintiff.

It is first contended that "two separate and inconsistent causes of action were proved at the trial and it cannot be ascertained from the evidence upon which" theory the verdict was based. This contention is founded upon the fact that two witnesses gave conflicting versions of what occurred immediately prior to the happening of the accident. The respondent testified that he was driving north along the alley referred to at a speed of three or four miles an hour looking for a place to park; that when his machine was about two car-lengths away he saw the appellants' car standing on the parking strip; that when he arrived at a point nearly opposite that car he saw it rolling backward toward him at an increasing speed; that he turned his machine to

the right, toward the approaching car, "because I figured the closer I could get, the least momentum it would have to back, to throw me over"; that he "hollered" at the top of his voice; that when he saw he was "trapped" he reached over and turned off the switch on his car with the expectation of jumping out; that he put on his brakes and stopped his car; that in his excitement he tried to get out of his machine; and that "When I was—when I switched off here, I found out I was trapped, I moved with lightning speed to jump out before the machine would hit me. When I got here the machine was so close I only had about that much space to get out of there, and I accidentally—I just put my hands right out there. When I put them there it was done so quick in another instant my hand was caught here in the machine." However, another witness testified that the respondent drove up and stopped his car about four or five feet to the rear of the floral truck, and that he (the witness) went into an adjoining restaurant to make a delivery and had returned before the floral truck moved backward and came in contact with the respondent's standing truck.

The appellants maintain that two irreconcilable theories as to negligence upon their part thus appear, and that some of the jurors may have accepted one theory and some the other, and insist that this situation comes within the rule applied in the case of *Atchison, T. & S. F. Ry. Co.* v. *Bratcher,* 99. Okl. 74 [225 Pac. 941]. The rule referred to was invoked in that case because separate individuals were joined as defendants, one of whom might be liable on the theory of *respondeat superior* and the other on the theory of the last clear chance, while neither was liable for the negligence of the other. That rule has no application in this case, where the only theory involved was that the appellants, as master and servant, were liable for negligently operating a motor vehicle in such a manner as to cause the respondent's injuries. While there is a conflict in the evidence as to whether the respondent's truck was stopped immediately prior to the collision or whether it had been standing at the point where the collision occurred for a few moments, no conflicting theories appear and the basis of liability on the part of the appellants is the same in either case. There is ample evidence of negligence on

the part of the appellants, one of whom was the servant of the other.

■ It is next urged that the evidence discloses that the respondent was guilty of contributory negligence as a matter of law. It is argued that it conclusively appears that the respondent could have avoided the accident by proceeding straight ahead or turning to his left, and that he was guilty of a series of negligent acts in turning to his right, in getting out on the right-hand side of his car, and in putting out his arm toward the rear of the floral truck. Appellants state that it is evident that "the plaintiff became unduly excited and lost his head and that these two factors, coupled with his subsequent conduct, were entirely responsible for the accident".

The general rule which applies is thus stated in *Carnahan* v. *Motor Transit Co.*, 65 Cal. App. 402 [224 Pac. 143, 146]:

"A person suddenly confronted with an unexpected danger, without any fault on his part, is only required to use such means for avoiding the danger as would be used by a person of ordinary prudence, and he is not held to that strict accountability which would require that the course chosen be the most judicious one."

There is ample evidence in the record that the respondent was without fault up to the time he observed the other car rolling toward him and only a few feet away. He was an elderly man and there is considerable evidence to indicate that when he saw this car bearing down upon him he was badly frightened, that he feared his car would be tipped over and he would be cut by various glass containers with which his car was loaded, and that he made a hurried and frantic attempt to get out of the car. Viewing all of the evidence in the light most favorable to the respondent it cannot be said, as a matter of law, that he must be held responsible for having taken the wrong course in the emergency that presented itself. While the appellants' car moved only a few feet, its rate of speed and the suddenness of its movement may have been important factors, and the entire circumstances are such as to make the question of contributory negligence peculiarly one of fact rather than one of law.

■ The next point raised is that the court erred in refusing an instruction offered by the appellants defining

contributory negligence, and that no instruction explaining the meaning of that term was given. The court gave instructions containing full and complete definitions of negligence and of proximate cause, and also gave the following instructions:

"You are instructed that if you find the injuries received by the plaintiff, J. J. Betzold, were caused proximately by the negligence and carelessness of Charlie Marsella in driving the defendant Rossi Floral Company's truck, while the said Charlie Marsella was acting in the scope of his employment, your verdict must be for the plaintiff and against the defendants unless you find that the plaintiff was guilty of negligence which itself was a proximate and contributing cause of the accident."

"The defendants have alleged that the plaintiff is guilty of contributory negligence which was the proximate cause of this accident; you are instructed that the burden of proving this contributory negligence is upon the defendants and the defendants must prove such negligence by a preponderance of the evidence."

"I instruct you that if you find from the evidence that the said plaintiff could by the exercise of ordinary care have avoided this accident, either by slowing down, stopping, or exercising that degree of care which an ordinary prudent person would have under ordinary circumstances, and that he failed to avail himself of this opportunity or did not use that degree of care and such omission, if any, upon his part proximately contributed to this accident, you are in duty bound to return a verdict in favor of the defendants."

"The mere fact that an act or omission on the part of the defendants, if any, contributed to this accident is not, in itself, sufficient to support a verdict in favor of the plaintiff. To render a verdict in favor of the plaintiff you must find that the defendants were guilty of negligence, and that such negligence was the proximate cause of the accident, and further that J. J. Betzold was without any fault that in the slightest degree contributed to this accident; otherwise your verdict must be for the defendants."

We think these instructions conveyed the requisite information to the jury as fully and completely as the more technical instructions offered by the appellants would have done.

■ The last point urged is that the amount of the verdict, $3,000, is excessive. This contention is based not upon the fact that the respondent's injuries were not serious and permanent, but upon the claim that the respondent, by his own actions, aggravated the original injury. It is stated that immediately after the accident the respondent was taken to the office of a physician; that instead of arranging to have his arm set and treated he became involved in an argument with this doctor and left; that after searching for another doctor he finally reached the county hospital, where his injuries were attended to and the bones in his arm set; and that, thereafter, he went from one doctor to another until it was ultimately found that the original broken bones had not been properly set. Another doctor testified that the respondent came to him; that he was suffering from a badly comminuted fracture of both bones of the right forearm; that it was a surgical case requiring hospitalization; that he was without sufficient funds; and that he advised him to go to the county hospital. There is no evidence that the respondent did not use ordinary care in the selection of a physician (*Boa* v. *S. F.-Oakland T. Rys.*, 182 Cal. 93 [187 Pac. 2]), and our attention is directed to no evidence that sustains the contention here made.

■ During the oral argument of this case complaint was made of the refusal of the court to give another requested instruction. This point was neither set forth in the original statement of the questions involved on this appeal nor referred to in either of the briefs filed by the appellants, and the same need not be here considered (*Witter* v. *Bank of Milpitas*, 204 Cal. 570 [269 Pac. 614]). Without going into detail we may add that any possible error in the matter referred to was, in our opinion, not prejudicial.

The judgment is affirmed.

Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 6, 1933.